[Civ. No. 21146. First Dist., Div. Three. May 6, 1964.]

CLIFFORD ALBERT HERRERO et al., Cross-complainants and Appellants, v. JOHN ATKINSON et al., Cross-defendants and Respondents.

[Civ. No. 21147. First Dist., Div. Three. May 6, 1964.]

PAUL C. GODDARD, Cross-complainant and Appellant, v. JOHN ATKINSON et al., Cross-defendants and Respondents.

Kilday, Nemer, Farbstein & Green, Donald F. Farbstein and Berta & Connell for Cross-complainants and Appellants in No. 21146.

Bronson, Bronson & McKinnon and John M. Rubens for Cross-complainant and Appellant in No. 21147 who was also a Cross-defendant and Respondent in No. 21146.

Lamb, Hoge & Glynn, Lamb & Glynn, Campbell, Custer, Warburton & Britton, Austen D. Warburton, Rankin, Oneal, Luckhardt, Center, Longinotti & Ingram, William A. Ingram and Herbert Chamberlin for Cross-defendants and Respondents in Nos. 21146 and 21147.

SALSMAN, J.—We are here presented with two separate appeals, each from a judgment of dismissal after the trial court sustained demurrers to cross-complaints without leave to amend. The first appeal is by Clifford Albert Herrero and Arnold & Herrero Company, hereafter referred to simply as Herrero. The second appeal is by Dr. Paul C. Goddard. The situation of the parties and their relation to each other will appear from the statement of the case hereafter recited.

Herrero, while driving a motor vehicle, was involved in an accident with another vehicle. Alice Lorenzo was injured in the accident.[1] About 18 months after her injury, Alice Lorenzo employed Drs. Atkinson, Goddard and Viano to perform an operation made necessary because of her injury by Herrero, and entered Doctors General Hospital where the operation was to be performed. In the course of the operation Alice Lorenzo died.

Tony Lorenzo, as administrator of the estate of Alice Lorenzo, filed an action for damages for wrongful death. Herrero, Doctors General Hospital, and Drs. John Atkinson, Paul C. Goddard and Everett Viano were named defendants. The complaint alleged that the defendants, other than Herrero, negligently administered a blood transfusion during the

[1] Alice Lorenzo filed suit against Herrero on January 27, 1960, claiming damages for personal injuries sustained in the accident. This action was awaiting trial at the time of her death.

course of the operation and that as a result of the negligence of all defendants Alice Lorenzo died.

Herrero answered the complaint and filed a cross-complaint for declaratory relief and indemnity, naming the hospital and doctors as cross-defendants. Herrero's cross-complaint alleged that his liability for wrongful death would attach only by reason of the negligence of the doctors and the hospital and hence these cross-defendants were bound to indemnify him for any such liability. Each of the doctors and the hospital filed general demurrers to the cross-complaint. The demurrers were sustained without leave to amend, and Herrero appeals from the judgment of dismissal.

The defendant Dr. Paul C. Goddard answered the complaint of the administrator and also filed a cross-complaint seeking declaratory relief and indemnity against the hospital and Drs. Atkinson and Viano. The theory of the Goddard cross-complaint was that if the court were to determine that the other defendants were his agents in performing the operation, as alleged in the administrator's complaint, then cross-complainant Goddard would be entitled to indemnity for all damages caused by the negligent acts of his agents. The Goddard cross-complaint also alleged a second cause of action against the cross-defendants on the ground that Goddard's liability, if any, would arise only from the primary and active negligence of the cross-defendants and that his negligence, if any, was merely passive or secondary. The Doctors General Hospital and Dr. Atkinson successfully demurred to the Goddard cross-complaint, and Goddard appeals from the judgment of dismissal.[2]

If the cross-complaints state facts sufficient to show a right to indemnity on the part of Herrero and Dr. Goddard, the judgments must be reversed. We first consider the appeal of Herrero.

■ It is important to note that both cross-complaints seek indemnity and not contribution. There is a distinction between the two rights. Indemnity seeks to transfer the entire loss imposed upon one tortfeasor to another who in justice and equity should bear it. Contribution distributes the loss equally among all tortfeasors, each bearing his pro rata share. (Code Civ. Proc., §§ 875, 876; *Cahill Bros., Inc.* v. *Clementina Co.,* 208 Cal.App.2d 367, 376 [25 Cal.Rptr. 301]; Prosser, Torts, p. 249.) Where one tortfeasor is entitled to

---

[2] Dr. Viano answered the cross-complaint of Dr. Goddard.

indemnity from the other, the right of contribution does not exist. (Code Civ. Proc., § 875, subd. (f).)

A right to implied indemnity among tortfeasors may arise out of some contractual relationship between the parties, or from equitable considerations. (*Cahill Bros., Inc.* v. *Clementina Co., supra,* at pp. 375-376, and cases cited; Prosser, Torts, pp. 249-251.) Here, so far as Herrero is concerned, if the right to indemnity exists at all, it must be implied in law for it is not contended that any contractual relationship existed between Herrero, the hospital and the individual doctors who are the cross-defendants.

As a general rule an implied right of indemnity does not exist among tortfeasors where the parties are in pari delicto, that is, when the fault of each is of equal grade and similar in character. (See 42 C.J.S. pp. 605-606.) The reason stated for this rule is that the courts will not aid one tortfeasor against another because no one should be permitted to found a cause of action on his own wrong. Nevertheless, the right to implied indemnity has been recognized and allowed in many cases and in varying fact situations where considerations of equity require the right to be recognized. (Davis, *Indemnity Between Negligent Tortfeasors: A Proposed Rationale,* 37 Iowa L.Rev. 517.) Numerous theories have been advanced to support the allowance of indemnity in particular cases, among them distinctions between primary and secondary liability, constructive liability, derivative liability, a difference in the respective duties owed by the tortfeasors, active and passive negligence, and even the doctrine of the last clear chance. (See 28 Mo.L.Rev. 307, 308-309; Prosser, Torts, *supra.*) No one explanation appears to cover all cases.

The duty to indemnify may arise, and indemnity may be allowed in those fact situations where in equity and good conscience the burden of the judgment should be shifted from the shoulders of the person seeking indemnity to the one from whom indemnity is sought. The right depends upon the principle that everyone is responsible for the consequences of his own wrong, and if others have been compelled to pay damages which ought to have been paid by the wrongdoer, they may recover from him. Thus the determination of whether or not indemnity should be allowed must of necessity depend upon the facts of each case. (Leflar, *Contribution and Indemnity Between Tortfeasors,* 81 U.Pa. L.Rev. 130, 153-156; Davis, *Indemnity Between Negligent Tortfeasors: A Proposed Rationale,* 37 Iowa L.Rev. 517.)

Here, if Herrero is liable, he is liable for the damages caused by his own negligent conduct, and may be made further liable for the later alleged negligent conduct of the cross-defendant doctors and hospital. Herrero's liability for the negligence of the doctors and hospital would arise out of a positive rule of decisional law of this state, as stated in *Ash* v. *Mortensen*, 24 Cal.2d 654, 657 [150 P.2d 876], where the court said: "It is settled that where one who has suffered personal injuries by reason of the tortious act of another exercises due care in securing the services of a doctor and his injuries are aggravated by the negligence of such doctor, the law regards the act of the original wrongdoer as a proximate cause of the damages flowing from the subsequent negligent medical treatment and holds him liable therefor." (See also *Blackwell* v. *American Film Co.*, 189 Cal. 689 [209 P. 999].) Of course, the individual doctors and hospital, if guilty of negligence and malpractice, are separately liable for their own wrongful acts. (*Ash* v. *Mortensen, supra.*) ▮ Although the original negligence of Herrero may be regarded in law as a proximate cause of the damages flowing from the subsequent malpractice of the cross-defendants, and the plaintiff may recover a joint and several judgment against all who are found liable, there is no reason why the ultimate burden of damages should not be distributed among the various defendants, and each be made to bear that portion of the judgment which in equity and good conscience should be borne by him. ▮ Here, Herrero has had no part in the selection of any of the cross-defendant doctors or hospital. Nothing appears to indicate that he was even aware of the decedent's decision to submit to surgery. He has had no control or direction over the conduct of the cross-defendants and not the slightest opportunity to protect himself against their negligence, yet he is made liable in law for any damages caused by them. Under such circumstances it is equitable and just that indemnity be allowed Herrero, and that the cross-defendant doctors and hospital bear that portion of the damages caused by their own negligent conduct.

There is some authority for this rule, and it has been applied in cases such as this. Thus, in *Fisher* v. *Milwaukee Electric Ry. & Light Co.*, 173 Wis. 57 [180 N.W. 269], plaintiff sued defendant for negligence. Defendant filed a cross-complaint against the treating doctor for alleged malpractice aggravating plaintiff's injuries. The court determined that plaintiff would be entitled to a judgment against all defend-

ants, and that the original negligent defendant would be entitled to judgment against the negligent doctor for the aggravation of damages caused by the malpractice. A later Wisconsin case supports the earlier one. (*Greene* v. *Waters*, 260 Wis. 40 [49 N.W.2d 919].) *Primes* v. *Ross* (Sup.Ct.) 123 N.Y.S.2d 702 and *Clark* v. *Halstead*, 275 App.Div. 17 [93 N.Y.S.2d 49] announce and follow the same rule. In *Rezza* v. *Isaacson*, 13 Misc.2d 794 [178 N.Y.S.2d 481], the deceased fell on a negligently maintained sidewalk. She entered a hospital for medical care where she received negligent treatment, and died from her multiple injuries. When sued for wrongful death, the property owner filed a cross-complaint seeking indemnity from the hospital and doctors. The cross-complaint was allowed to stand.

█ It is undisputed that Herrero's negligent conduct caused injury to the decedent, and the pleadings disclose that it was not until some 18 months after the decedent's injury that surgery was decided upon. It is alleged that a blood transfusion was negligently administered to decedent by the cross-defendant doctors and hospital and that decedent died the day following her admission to the hospital. Under the state of facts alleged in the pleadings all damages to which plaintiff may be entitled may be assessed in a single verdict against all defendants found liable. The judgment will be a joint and several one, and plaintiff may satisfy it by execution against any one or all of the defendants. The plaintiff will not be concerned with the claims of the defendants against one another, and need not take part in further proceedings in which the issue of indemnity is determined. That issue may readily be settled by trial after the verdict, by the same jury that heard the action, by the court, or by another jury, as may be appropriate.

█ As we have noted, Alice Lorenzo filed an action against Herrero for personal injuries and this action was pending at the time of her death. Such an action may survive pursuant to Probate Code section 573 (formerly Civ. Code, § 956) and such damages may be recovered as are allowed by the statute. █ An action under Probate Code section 573 is separate and distinct from an action for wrongful death, which is here brought pursuant to Code of Civil Procedure section 377, and while the two actions may be consolidated for trial, no damages may be recovered in the wrongful death action which may be recovered in an action under Probate Code section 573. █ Thus since the defendants

Doctors General Hospital, and Drs. Atkinson, Goddard and Viano cannot be charged with any damages which may have been caused by Herrero, Herrero in turn should have indemnity against the other defendants for all damages caused by their neglect.

 The cross-complaint of Dr. Goddard seeks indemnity from cross-defendants Dr. Atkinson and Dr. Viano and the hospital, based upon allegations that such cross-defendants were agents of Dr. Goddard and that if they were guilty of negligent and wrongful acts for which Dr. Goddard is responsible, he is entitled to indemnity from them.

 It is widely recognized that a principal, liable for the negligent acts of his agent solely because of the relationship of principal and agent, may have indemnity against the negligent agent. (*Popejoy* v. *Hannon,* 37 Cal.2d 159, 173 [231 P.2d 484]; *Continental Cas. Co.* v. *Phoenix Constr. Co.,* 46 Cal.2d 423, 428 [296 P.2d 801, 57 A.L.R.2d 914]; *Cahill Bros., Inc.* v. *Clementina Co., supra,* at p. 388; Witkin, Summary of Cal. Law (7th ed.) p. 411; Prosser, Torts (2d ed.) p. 250.) In such cases, the liability of the agent is regarded as primary and that of the principal as secondary, although both are equally liable to the injured party. Thus, the first count of Dr. Goddard's cross-complaint states a cause of action.

In his second cause of action, Dr. Goddard seeks indemnity against the cross-defendants named in his pleadings on the ground that if he is found liable then a special relationship, other than that of principal and agent, existed between himself and the cross-defendants and hence he is entitled to indemnity from them. The existence of a special relationship between parties may give rise to a claim of indemnity on the part of one against the other. (See 37 Iowa L.Rev. 519-525, 528-530, 545-546; Prosser, Torts (2d ed.) pp. 250-251; *Stewart* v. *Cox,* 55 Cal.2d 857 [13 Cal.Rptr. 521, 362 P.2d 345]; *Cahill Bros., Inc.* v. *Clementina Co., supra; City & County of San Francisco* v. *Ho Sing,* 51 Cal.2d 127 [330 P.2d 802]; *San Francisco Unified School Dist.* v. *California Bldg. etc. Co.,* 162 Cal.App.2d 434 [328 P.2d 785].) Of course, if a claimed special relationship is absent and the parties are merely joint tortfeasors and in pari delicto, indemnity will be disallowed. (*American Can Co.* v. *City & County of San Francisco,* 202 Cal.App.2d 520 [21 Cal.Rptr. 33]; *Pierce* v. *Turner,* 205 Cal.App.2d 264 [23 Cal.Rptr. 115].) Nevertheless this second count states no

facts to show any special relationship between Dr. Goddard and the doctor and hospital cross-defendants. Dr. Goddard, and not the plaintiff in this action, knows the relationship between himself and these cross-defendants. If he neither undertook to nor did participate in the transfusion, he knows it now. Similarly, any other ''special relationship'' with the cross-defendants is known to him. If he is permitted to cross-complain without any semblance of factual allegation, but merely on the basis that facts not known to him may develop at trial of the main action, most malpractice cases involving multiple defendants can be thrown into confusion by cross-complaints which serve only to complicate the issues and to postpone and prolong trial. The trial court properly sustained the demurrer to this count, but should have allowed leave to amend.

It was argued in the trial court that neither cross-complaint stated a cause of action for indemnity existing at the time it was filed and hence the cross-complaints were premature. This argument was accepted and appears to have been an important element in the trial court's ruling sustaining the demurrers without leave to amend.

■■ The language of Code of Civil Procedure section 442 is sufficiently broad to encompass the filing of a cross-complaint for indemnity or declaratory relief in an action such as the one we now consider. Code of Civil Procedure section 442 provides: ''Whenever the defendant seeks affirmative relief against any party. . . ; relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. The cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto, or file a notice of motion to strike the whole or any part thereof, as to the original complaint. If any of the parties affected by the cross-complaint have not appeared in the action, a summons upon the cross-complaint must be issued and served upon them in the same manner as upon the commencement of an original action.''

■■ It is apparent from the language of the code section that all that is needed to comply with its terms is that the cross-complaint seek affirmative relief and that it relate to or depend upon ''the contract, transaction, matter, happening or accident upon which the action is brought.'' Even though

the cross-complainant's claims are contingent, as they are here, they nevertheless meet the requirements of Code of Civil Procedure section 442. (*Simon Hardware Co.* v. *Pacific Tire etc. Co.*, 199 Cal.App.2d 616 [19 Cal.Rptr. 12].) The cross-complaint of Herrero seeks affirmative relief against the hospital and the individual doctors, and the cross-complaint of Dr. Goddard seeks affirmative relief against the hospital and Drs. Atkinson and Viano. Both relate to the "transaction, matter, happening or accident" upon which the action is brought. In *Roylance* v. *Doelger*, 57 Cal.2d 1255, 262 [19 Cal.Rptr. 7, 368 P.2d 535], the court said: "... the proper procedure is to permit and sustain filing of the cross-complaint under circumstances falling within the language of section 442, but to allow the trial court to determine under the provisions of [Code Civ. Proc.] section 1048 whether the issues tendered by the complaint and the answer thereto shall be tried together with those raised by the cross-complaint, or shall be severed." (See also *B.F.G. Builders* v. *Weisner & Coover Co.*, 206 Cal.App.2d 752 [23 Cal.Rptr. 815]; *Linday* v. *American President Lines, Ltd.*, 214 Cal.App.2d 146, 148 [29 Cal.Rptr. 465].)

Our rulings are, of course, limited to the pleading questions presented by the appeal. We do not presume to suggest or indicate the ultimate result of the action, for that will necessarily depend upon the evidence at trial.

The judgment of dismissal in favor of John Atkinson, Everett Viano, Paul C. Goddard and Doctors General Hospital and against Clifford Alfred Herrero and Arnold & Herrero Company is reversed.

The judgment of dismissal in favor of John Atkinson and Doctors General Hospital and against Paul C. Goddard is reversed.

Draper, P. J., and Devine, J., concurred.

The petition of respondent Atkinson for a hearing by the Supreme Court was denied July 1, 1964.