[Civ. No. 12745. Third Dist. Jan. 7, 1971.]

JAMES ARTHUR ROLLINS, a Minor, etc., et al., Plaintiffs, v.
STATE OF CALIFORNIA, Defendant and Appellant;
NINA BAMMES, Defendant and Respondent.

**COUNSEL**

Harry S. Fenton, Robert F. Carlson, Gordon S. Baca and Steven L. Anderson for Defendant and Appellant.

Coshow & Barr and William Coshow for Defendant and Respondent.

No appearance for Plaintiff.

## OPINION

**JANES, J.**—Defendant state appeals after judgment from an order denying its motion for contribution from its codefendant, Nina Bammes, after the state had paid more than its pro rata share of a personal injury and wrongful death judgment entered jointly against the two defendants in an action which culminated in a plaintiffs' verdict in the amount of $775,000.

The amount required to satisfy the judgment was reduced from $775,000 to $725,000 by virtue of a prior settlement in the amount of $50,000 between plaintiffs and a former defendant. Defendant Bammes, through her insurance carrier, paid the sum of $20,000 (her policy limit) toward satisfaction of the judgment. The defendant state paid the remainder of the judgment, i.e., the sum of $705,000 and plaintiffs then filed a satisfaction of judgment.

Contribution between joint tortfeasors is governed by title 11, part II (§§ 875 through 880) of the Code of Civil Procedure.[1] Section 875, the section with which we are primarily concerned provides: "(a) Where a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them as hereinafter provided.

"(b) Such right of contribution shall be administered in accordance with the principles of equity.

"(c) Such right of contribution may be enforced only after one tortfeasor has, by payment, discharged the joint judgment or has paid more than his pro rata share thereof. It shall be limited to the excess so paid over the pro rata share of the person so applying and in no event shall any tortfeasor be compelled to make contribution beyond his own pro rata share of the entire judgment.

"(d) There shall be no right of contribution in favor of any tortfeasor who has intentionally injured the injured person.[2]

---

[1] All code references herein are to the California Code of Civil Procedure.

[2] Defendant Bammes makes no claim of immunity from contribution on this basis. (§ 875, subd. (d).)

"(e) A liability insurer who by payment has discharged the liability of a tortfeasor judgment debtor shall be subrogated to his right of contribution.

"(f) This title shall not impair any right of indemnity under existing law, and where one tortfeasor judgment debtor is entitled to indemnity from another there shall be no right of contribution between them.[3]

"(g) This title shall not impair the right of a plaintiff to satisfy a judgment in full as against any tortfeasor judgment debtor."

The pro rata share of each of the defendants was the sum of $362,500. (§ 876, subd. (a).)[4] Since defendant Bammes paid only the sum of $20,000, the $342,500 balance of her pro rata share of $362,500 has been paid by the state, in addition to payment of its own pro rata share of $362,500, for a total of $705,000. The state's motion for contribution was brought in the trial court pursuant to section 878 which provides for entry of judgment of contribution upon properly noticed application. (§§ 875, subd. (e), 878; *Thornton* v. *Luce* (1962) 209 Cal.App.2d 542, 550-551 [26 Cal.Rptr. 393] (hg. den.); *Augustus* v. *Bean* (1961) 56 Cal.2d 270 [14 Cal.Rptr. 641, 363 P.2d 873].)

Denial of the state's motion for contribution appears to have been based, at least in part, on the court's determination that an agreement had been reached prior to judgment between the attorneys for plaintiffs and counsel for Mrs. Bammes that she would pay her policy limit of $20,000, irrespective of the verdict to be reached by the jury, and that plaintiffs would not attempt to obtain any further amounts from Mrs. Bammes (although they would not release her from this or any subsequent action). The existence of such agreement is not disputed; equally beyond question, however, is the clear absence of an effective settlement between plaintiffs and defendant Bammes prior to verdict.[5]

The trial court apparently accepted the argument of Mrs. Bammes' counsel that subdivision (b) of section 875, which provides for administration of the right to contribution in accordance with equitable principles, allowed denial of the state's motion for contribution notwithstanding the absence of

---

[3]No insulation from contribution is claimed by defendant Bammes on this ground. (§ 875, subd. (f).)

[4]Section 876, subdivision (a) provides: "(a) The pro rata share of each tortfeasor judgment debtor shall be determined by dividing the entire judgment equally among all of them."

[5]Plaintiffs, for example, insisted to the very end that they would not dismiss defendant Bammes from the action, even on payment of the $20,000, since plaintiffs contemplated, in the event of a hung jury and a retrial, that they would continue to prosecute their action against both defendants. Moreover, the presence of minor plaintiffs necessitated court approval of any settlement in their behalf.

a formal settlement. ■ No reference was made to section 877 which sets forth the requirements of a prejudgment settlement, release, or good faith disposition sufficient to discharge one joint tortfeasor from liability for contribution to another tortfeasor,[6] nor does the abortive agreement in the instant case comply with those requirements.

Some light is thrown on the factors influencing the trial court's decision by examination of its extensive analysis, after hearing arguments by counsel, at the time of ruling:[7]

The trial court's use of the phrase "equitable apportionment," (see fn. 7, *ante*) a term which does not appear in any of the relevant code sections (§ § 875-800), may indicate the infusion into the controversy of the concept of implied or equitable indemnity. That concept, however, clearly has no place in the present case and its application is not suggested by defendant Bammes.

■ As noted in *Atchison, T. & S. F. Ry. Co.* v. *Lan Franco* (1968)

---

[6]Section 877 provides: "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort—

"(a) It shall not discharge any other such tortfeasor from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater; and

"(b) It shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors."

[7]The judge stated, in part:

"THE COURT: In this Contribution Statute, of course the idea of enforced contribution between Joint Tortfeasors is a feature of fairly recent vintage and not wholly defined in all of its aspects. It is by no means clear to the Court what is implied by the term 'equitable apportionment,' whether that requires the Court to make some kind of finding after the fact as to the relative proportion of fault of the joint debtors on some kind of a comparative negligence basis, or whether it requires or permits the Court to take notice of the financial position of the several joint debtors, or whether it is merely suggesting a formula of apportionment by mathematical divisions proportionate to the number of joint debtors, is by no means clear to me. . . . the present motion seems to me to have an air of, shall we say, unreality about it. To what extent counsel is personally acquainted with Mrs. Bammes I do not know, but I rather suspect that if the present codefendant had been the plaintiff herein, Mrs. Bammes, and if Mrs. Bammes' insurance company had offered to settle for one hundred percent of the coverage, that the plaintiff would have been happy to take that offer. I may err in my opinion on this family's financial circumstances, but that is what presently appears to me.

"I doubt, therefore, that anyone at any stage of the case had any serious intention of chasing this woman personally for sums of money measured in many thousands of dollars.

"I am not sure but that I am committing legal error, but I think under the circumstances the common sense solution is to deny the motion for contribution, and it is so ordered."

267 Cal.App.2d 881, 886 [73 Cal.Rptr. 660], "A distinction exists between contribution and indemnity in that in the former the parties liable for the tort are said to be *in pari delicto* and the damages are equally divided, but in the latter, the parties are not deemed to be *in pari delicto* and the entire burden is placed upon one of them. (See Prosser, Torts (2d ed. 1955), p. 249; Annot. 88 A.L.R.2d 1355, 1356-1357.) Where the fault of each is equal in grade and similar in character, implied indemnity is not available since no one should be permitted to found a cause of action on his own wrong. (*Herrero* v. *Atkinson, supra,* 227 Cal.App.2d 69, 74 [38 Cal.Rptr. 490, 8 A.L.R.3d 629].)"

In *Thornton* v. *Luce, supra,* 209 Cal.App.2d 542, a landmark case interpreting the contribution sections, the court emphasized the distinction between contribution and indemnity: ". . . the right of contribution, where it exists under the new statutory provisions, presupposes a *common liability* which is shared by joint tortfeasors on a pro rata basis, whereas the right of indemnity, because of some special relationship existing between the tortfeasors shifts the *entire* loss upon the one bound to indemnify. (*Alisal Sanitary Dist.* v. *Kennedy,* 180 Cal.App.2d 69, 75 [4 Cal.Rptr. 379].)" (209 Cal.App.2d at pp. 550-551; see also *Augustus* v. *Bean, supra,* 56 Cal.2d at p. 272.)

Although the contribution statute here under review has been cited frequently, discussions of the manner in which a judgment is to be apportioned between joint tortfeasors have generally appeared in the context of cases in which indemnification is sought. One notable exception is the previously mentioned case of *Thornton* v. *Luce, supra,* 209 Cal.App.2d 542, which directs attention to the principle that each joint tortfeasor is to bear no more than his pro rata share. (*Id.* at pp. 551-552.)[8]

---

[8]Dicta in several California cases assume that sections 875 and 876 require mathematically equal sharing among the joint judgment debtors. (*Pearson Ford Co.* v. *Ford Motor Co.,* 273 Cal.App.2d 269 at pp. 271-272 [78 Cal.Rptr. 279], *Atchison, T. & S. F. Ry. Co.* v. *Lan Franco, supra,* 267 Cal.App.2d at p. 886; *Herrero* v. *Atkinson* (1964) 227 Cal.App.2d 69, 73 [38 Cal.Rptr. 490, 8 A.L.R.3d 629].) We neither accept nor reject that assumption. A fair reading of sections 875, subdivision (c), and 876, subdivision (a), offers the possibility that a contributor's pro rata share is only a ceiling on his contribution, not an inflexible rule. The legislative history of the California contribution legislation indicates some reliance on the earlier studies and drafts prepared by the Commissioners on Uniform State Laws. The latter, in turn, incorporated the concept of apportionment measured by the comparative fault of the several tortfeasors. (Report, Senate Interim Judiciary Committee (1957) p. 129, vol. 1, App. to Journal of the Senate, Reg. Sess. 1957; Gregory, *Contribution Among Tortfeasors: A Uniform Practice,* 1938 Wis.L.Rev., p. 372; see also, Comment, 24 Cal.L.Rev. 546, 550 (1936), text accompanying fns. 24 and 25.) The question whether the "equitable principles" clause of section 875, subdivision (b), was designed to permit apportionment of liability based upon relative fault is not presented by the present record.

The indemnification cases state the same rule of equal responsibility for the debt where the rule of contribution obtains. As an example, see *Pearson Ford Co.* v. *Ford Motor Co.* (1969) 273 Cal.App.2d 269 [78 Cal.Rptr. 279] (hg. den.), in which the court, citing many such cases, declares at pages 271 to 272: "Where, as here, two persons are held legally responsible in tort for the injury or damage to another, the question frequently arises as to how the loss is to be apportioned between the two responsible parties. If the rule of contribution obtains, the loss is distributed equally between them. (Code Civ. Proc., §§ 875, 876; *Herrero* v. *Atkinson,* 227 Cal.App.2d 69, 73 [38 Cal.Rptr. 490, 8 A.L.R.3d 629]; *Atchison, T. & S. F. Ry. Co.* v. *Lan Franco,* 267 Cal.App.2d 881, 884-885 [73 Cal.Rptr. 660].) If, however, one of the responsible parties is entitled to indemnity, he may shift or transfer the entire loss to the other who in equity and justice should bear it. (*Cahill Bros., Inc.* v. *Clementina Co.,* 208 Cal.App.2d 367, 376 [25 Cal. Rptr. 301]; *Herrero* v. *Atkinson, supra,* 227 Cal.App.2d 69, 73.) The right to implied indemnity may arise from contract or from equitable considerations. (*City & County of San Francisco* v. *Ho Sing,* 51 Cal.2d 127, 130 [330 P.2d 802]; *Cahill Bros., Inc.* v. *Clementina Co., supra,* at p. 376.) It is not available where the responsible parties are *in pari delicto,* and the fault of each is equal in grade and similar in character (*Herrero* v. *Atkinson, supra,* at p. 74; *Atchison, T. & S. F. Ry. Co.* v. *Lan Franco,* 267 Cal.App.2d 881, 886 [73 Cal.Rptr. 660].)"

█ As we have noted, no right to indemnification is claimed by Mrs. Bammes, nor is any basis for such entitlement shown. Accordingly, we conclude that the trial court erred in denying the state's motion for contribution.
█ The equitable principles to be considered in determining rights of contribution between joint tortfeasors do not embody a principle which requires that the more affluent tortfeasor discharge proportionately more than its pro rata share of the judgment.

The order appealed from is reversed, and the superior court is directed to enter an order granting the state contribution against defendant Nina Bammes in the amount of $342,500.

Pierce, P. J., and Friedman, J., concurred.