[No. B039899. Second Dist., Div. Three. May 25, 1989.]

E. W. BLISS COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
MARCO MANUFACTURING, INC., Real Party in Interest.

COUNSEL

Chase, Rotchford, Drukker & Bogust, Lawrence O. De Coster and Joan E. Hewitt for Petitioner.

No appearance for Respondent.

Graves, Roberson & Bourassa and Stephen D. Roberson for Real Party in Interest.

OPINION

DANIELSON, Acting P. J.—E. W. Bliss Co. (Bliss) seeks a writ of mandate to compel respondent court to vacate its order entered on December 9, 1988, sustaining without leave to amend a demurrer to its cause of action for comparative indemnity against cross-defendant Marco Manufacturing, Inc. (Marco). On March 1, 1989, this court issued an alternative writ of mandate directing respondent court either to vacate that order and to make a new and different order or to show cause why a peremptory writ of mandate should not issue ordering the court to do so.

We deny the petition and discharge the alternative writ.

PROCEDURAL AND FACTUAL STATEMENT

In his first amended complaint Alejo Robles (plaintiff) sought damages arising from a personal injury he suffered when he was working with a punch press. Bliss, which allegedly designed, manufactured, distributed, sold, serviced, maintained, repaired and/or delivered the subject punch press, was a named defendant in the first, second, third, and fourth causes of action, respectively for negligence, strict products liability, breach of express warranty, and breach of implied warranty.

Marco, his employer, was named as the defendant in the fifth cause of action for negligence per se under Labor Code section[1] 4558. Specifically, plaintiff alleged that on May 21, 1986, he was injured while operating the power press to form materials from a die, because of the removal of the point-of-operation guard, which had been removed at Marco's specific instruction. Portions of his left hand had to be amputated as the result of his injuries.

---

[1] All further section references are to the Labor Code unless otherwise indicated.

Bliss answered by generally denying the complaint's material allegations and by asserting eight affirmative defenses. Along with its answer Bliss filed a cross-complaint against Marco for offset of workers' compensation benefits (the third cause of action), and for comparative indemnity based on violation of section 4558 (the fourth cause of action).

Marco demurred to the fourth cause of action, for comparative indemnity, on the ground that it failed to state a cause of action. The thrust of its argument was that the clear import of subdivision (d) of section 4558 mandated that there be a judgment in favor of the employee, plaintiff here, and the failure of the employer to pay its comparative share of the judgment, as conditions precedent to a claim for contribution or indemnity against Marco, the employer.

In its opposition Bliss took the contrary position. Bliss argued that the only reasonable interpretation of subdivision (d) was to allow a cause of action against the employer by way of a cross-complaint in the action by the employee; that this would avoid the problem of two trials; and that it could not have been the intent of the Legislature to do otherwise. The procedure posited by Bliss would be to allow the cause of action for comparative indemnity by way of cross-complaint and then have the court enter judgment according to special verdicts in which the jury would allocate comparative fault as between the defendants and the plaintiff.

Marco asserted in its reply that Bliss's interpretation totally ignored the plain language of subdivision (d) of section 4558.

On December 9, 1988, the court sustained Marco's demurrer to the fourth cause of action for comparative indemnity on the ground of failure to state a cause of action.

## ISSUE PRESENTED

■ The sole legal issue presented in this proceeding is whether subdivision (d) of section 4558 authorizes any cause of action for contribution or indemnity by any defendant against the employer and, if so, under what conditions.

## DISCUSSION

In resolving the above issue we must determine the meaning of subdivision (d) of section 4558.

In 1982 the Legislature enacted section 4558, and thereby created a cause of action in favor of an employee against his or her employer, for injury

proximately caused by the employer's knowing removal of or failure to install a point-of-operation guard on a power press. (Stats. 1982, ch. 922, § 12, pp. 3369-3370.)

■ ■ ■ ■ ■ Subdivision (d) of section 4558 provides: "No right of action for contribution or indemnity by any defendant shall exist against the employer; however, a defendant may seek contribution after the employee secures a judgment against the employer pursuant to the provisions of this section if the employer fails to discharge his or her comparative share of the judgment."[2]

■ When we analyze a statute, "[w]e begin with the fundamental rule that a court 'should ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] ■ In determining such intent '[t]he court turns first to the words themselves for the answer.' [Citation.] We are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.' [Citations.]" (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

Moreover, " '[W]here . . . the language is clear, there can be no room for interpretation.' [Citation.]" (*Regents of University of California v. Public*

---

[2] It has been asserted that the use of "comparative" instead of "pro rata" in reference to the employer's share of the judgment leads to an inference that the concept of indemnity is involved, and thus, renders subdivision (d) "patently ambiguous and confusing." The fallacy of this assertion is its premise that the term "comparative share" must be equated with the term "comparative fault," which is a term embraced by the concept of indemnity.

However, the sense of the statute, and its legislative history do not support that interpretation. Such a construction of the term "comparative share" is directly contrary to the Legislature's clear mandate that "[n]o right of action for . . . indemnity by any defendant shall exist against the employer." (§ 4558, subd. (d).)

If the Legislature had intended to create a right of action for indemnity, it would have inserted the word "indemnity" along with the word "contribution" in the second provision of subdivision (d). For example, the Legislature could have drafted the statute to read "however, a defendant may seek contribution *or indemnity* against the employer pursuant to the provisions of this section if the employer fails to discharge his or her comparative share of the judgment." (Italicized words could have been added.) That the Legislature did not do.

What, then, is the meaning of the term "comparative share" in subdivision (d)? A dictionary is a proper source to determine the usual and ordinary meaning of a word or phrase in a statute. (See, e.g. *People v. Katrinak* (1982) 136 Cal.App.3d 145, 156 [185 Cal.Rptr. 869].) The word "share," used as a noun, is defined as "a portion belonging to, due, or contributed by an individual." (Webster's New Collegiate Dict. (1979) pp. 1057-1058.) The adjective "comparative" is defined as "relating to" (*id.* at p. 226); and as: "[p]ertaining to, based on, or involving comparison." (The American Heritage Dict. (2d ed. 1982) p. 300.)

In the context of subdivision (d) the obvious use of the term "comparative share" is simply to identify and compare the employer's share of the judgment with the share of the defendant seeking contribution, i.e., the employer's share relative to defendant's share. Accordingly, we conclude that the Legislature's use of the word "comparative" instead of "pro rata" in defining the employer's share of the judgment is not ambiguous and does not raise the specter of indemnity.

*Employment Relations Bd.* (1986) 41 Cal.3d 601, 607 [224 Cal.Rptr. 631, 715 P.2d 590]; accord, *Walker* v. *Superior Court* (1988) 47 Cal.3d 112, 121 [253 Cal.Rptr. 1, 763 P.2d 852].)

■ In the light of the plain, clear, and unambiguous language of subdivision (d) we conclude that there is no merit to Bliss's petition. This language establishes that the Legislature intended there to be no right of action for indemnity, *at all,* against the employer by any defendant; and that there is no right of contribution against the employer unless, and until after, the employee secures a judgment against the employer, and the employer fails to pay its comparative share of the judgment.

■ Concurrent tortfeasors are jointly and severally liable to a plaintiff for the total amount of damages, diminished only " 'in proportion to the amount of negligence attributable to the person recovering.' " (*American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 589-590, 591 [146 Cal.Rptr. 182, 578 P.2d 899].) ■ "The pro rata share of each tortfeasor judgment debtor shall be determined by dividing the entire judgment equally among all of them." (Code Civ. Proc., § 876, subd. (a).)

"Where a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them. . . ." (Code Civ. Proc., § 875, subd. (a).)

In pertinent part, section 878, Code of Civil Procedure, provides: "Judgment for contribution may be entered by one tortfeasor judgment debtor against other tortfeasor judgment debtors by motion upon notice."

For example, suppose a court enters a judgment in an action by the employee, based on a jury verdict that the employee's injuries are attributable 20 percent to the employee's negligence and 80 percent to the negligence of the employer and a codefendant. In such a case, pursuant to section 4558, subdivision (d), if the employer fails to pay his pro rata share of the judgment, i.e., 40 percent of plaintiff's damages, then the codefendant is entitled to seek contribution against the employer for recovery of that portion of the judgment which represented the employer's unpaid share under the noticed motion procedure set forth in section 878 of the Code of Civil Procedure.

## DECISION

The petition for a writ of mandate is denied. The alternative writ is discharged.

Arabian, J., concurred.

**CROSKEY, J.**—I concur in the result reached by the majority opinion but reject my colleagues' embrace of the proposition that Labor Code section 4558, subdivision (d) is "plain, clear and unambiguous." It is not only patently ambiguous and confusing but it is also inexplicably inconsistent with other statutory language dealing with similar subject matter.

Bliss argues at some length that the reference in Labor Code section 4558, subdivision (d), to the employer's failure to discharge "his or her *comparative* share of the judgment" indicated a legislative intent to inject principles of comparative fault and partial indemnity. (Italics added.) I concur with the view of the majority that that argument must be rejected. However, that a dispute even arose must be laid at the door of legislative imprecision.[1] If the Legislature intended, as I believe it did, to permit only contribution and to bar indemnity claims entirely, why then the use of the term "comparative"? Why not simply use the same terminology of "pro rata share" as set out in Code of Civil Procedure sections 875 and 876?[2]

A review of the legislative history of Labor Code section 4558 unfortunately sheds no light whatever on what the Legislature may have had in mind when it incorporated the term "comparative share" in subdivision (d). The term comparative has primarily been used to refer to the relative liability of two or more tortfeasors whose degree of fault is compared in order to apportion responsibility for a judgment. For example, as the court

---

[1] The majority's justification of the legislative terminology (see maj. opn., *ante*, fn. 2) only seems to confirm this conclusion.

[2] Code of Civil Procedure section 875 provides in pertinent part: "(a) Where a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them as hereinafter provided.

"(b) Such right of contribution shall be administered in accordance with the principles of equity.

"(c) Such right of contribution may be enforced only after one tortfeasor has, by payment, discharged the joint judgment or has paid more than his *pro rata share* thereof. It shall be limited to the excess so paid over the *pro rata share* of the person so paying and in no event shall any tortfeasor be compelled to make contribution beyond his own *pro rata share* of the entire judgment.

". . . . . . . . . . . . . . . . . . . . .

"(f) This title shall not impair any right of indemnity under existing law, and where one tortfeasor judgment debtor is entitled to indemnity from another there shall be no right of contribution between them." (Italics added.)

". . . . . . . . . . . . . . . . . . . . .

Code of Civil Procedure section 876, subdivision (a) provides: "(a) The pro rata share of each tortfeasor judgment debtor shall be determined by dividing the entire judgment equally among all of them."

noted in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 598 [146 Cal.Rptr. 182, 578 P.2d 899], ". . . the current equitable indemnity rule should be modified to permit a concurrent tortfeasor to obtain partial indemnity from other concurrent tortfeasors on a *comparative* fault basis." (Italics added). This rule modified the previous office of indemnity which had been limited to accomplishing the transfer of the entire loss from one tortfeasor to another, who in justice and equity should bear it. On the other hand, "[c]ontribution distributes the loss equally among all tortfeasors, each bearing his pro rata share." (*Herrero* v. *Atkinson* (1964) 227 Cal.App.2d 69, 73 [38 Cal.Rptr. 490, 8 A.L.R.3d 629].)

This oxymoronic concept of comparative contribution[3] seems to be simply a case of poor draftsmanship. However, a further and far more significant example is demonstrated by the seemingly unnecessary conflict between Labor Code section 4558, subdivision (d) and the general contribution provisions set out in Code of Civil Procedure section 875, subdivision (c). Under the latter section the right of contribution may be enforced by a tortfeasor who has either discharged the judgment or paid more than his pro rata share.

Under Labor Code section 4558, subdivision (d), on the other hand, the exact opposite is true. A third party judgment tortfeasor may seek contribution from an employer who has not paid *his* comparative share without any requirement that the party who seeks such contribution have paid more than his share of the judgment (or any portion for that matter); and, what is even more puzzling, there is no provision in subdivision (d) allowing the employer to seek contribution if the third party does not pay *his* proper share.[4] In such event, is the employer permitted to fall back on Code of Civil Procedure section 875, subdivision (c)? If so, then why not provide for the same procedure in the Labor Code provision? If not, then what is the policy reason for denying to an employer the rights enjoyed by every other class of joint tortfeasor? If there is some significant or comprehensive legislative scheme hidden here which is furthered by such differences, it has escaped this Justice.

Petitioner's application for review by the Supreme Court was denied August 16, 1989.

---

[3] A term also used in Code of Civil Procedure section 877.6, subdivision (c), but with no apparent meaning other than "pro rata."

[4] It seems clear from the text of subdivision (d) that the authority for "a defendant" to seek contribution does *not* include an employer defendant since (1) the term "employer" is separately used and (2) the *only* precondition to the right to seek contribution is that the employer has not discharged "his or her comparative share."