Filed 9/27/16  P. v. Tucker CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JASMINE UNIQUE TUCKER,<br><br>    Defendant and Appellant. | H042830<br>(Santa Clara County<br>Super. Ct. No. B1368435) |

Defendant Jasmine Unique Tucker appeals from the trial court's denial of her Proposition 47 petition for resentencing of her felony second degree burglary conviction (Pen. Code, §§ 459, 460, subd. (b))[1] as a misdemeanor shoplifting (§§ 459.5; 1170.18, subd. (b).).  She argues that the trial court erred in denying the petition because her crime of second degree burglary now qualifies as misdemeanor shoplifting entitling her to resentencing under Proposition 47.  (§ 1170.18, subd. (a)).

### STATEMENT OF THE CASE

On August 29, 2013, defendant entered a Hertz Rent-A-Car in Mountain View and attempted to use a counterfeit access card.  As a result, she was charged with second degree burglary (§§ 459, 460, subd. (b)); uttering or attempting to use a counterfeit access card (§ 484f, subd. (a)); and possession of a false identification card (§ 529.5, subd. (c)).

---

[1] All further statutory references are to the Penal Code.

On February 28, 2014, pursuant to a negotiated plea, defendant pleaded no contest to the second degree burglary, and the remaining charges were dismissed. The court suspended imposition of sentence and placed defendant on probation with the condition that she serve four months in the county jail.

On June 19, 2015, defendant filed a petition for resentencing pursuant to Proposition 47 to have her felony second degree burglary reduced to misdemeanor shoplifting.

On August 17, 2015, the trial court denied defendant's petition stating finding that her crime of second degree burglary did not constitute shoplifting within the meaning of section 459.9. Defendant filed a timely appeal in this court.

## DISCUSSION

Defendant argues on appeal that the trial court erred in denying her petition for resentencing of her felony second degree burglary conviction as misdemeanor shoplifting pursuant to Proposition 47.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 "reduced the penalties for a number of offenses." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*)). Section 1170.18, which was also added by Proposition 47, "creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Section 1170.18, subdivision (a) specifies that a person may petition for resentencing in accordance with section 490.2.

"[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft offense, " 'the petitioner will have the burden of proving the value of the property

2

did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*) We note that a petition containing a declaration regarding the fair market value of the vehicle could be sufficient to set the matter for hearing. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper resentencing petition "could certainly contain at least" the petitioner's testimony about the stolen item, and on a sufficient showing the trial court "can take such action as appropriate to grant the petition or permit further factual determination"].)

Proposition 47 added the new crime of shoplifting to the Penal Code to address the issue of second degree burglaries that involve property values that are less than $950 (§ 459.5). Shoplifting is defined as "[E]ntering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior [specified] convictions . . . may be punished pursuant to subdivision (h) of Section 1170. [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5)

In denying defendant's petition, the court stated "I find the defendant ineligible for Proposition 47 relief as the offense in Count one [second degree burglary] does not constitute shoplifting within the meaning of [section] 459.5 of the Penal Code." The court made no finding as to whether the second degree burglary in this case satisfies the elements of shoplifting as it is defined in section 459.5.

3

Here, the question of whether the Hertz Rent-A-Car qualifies as a commercial establishment for the crime of shoplifting depends in part on the definition of commercial establishment. While "commercial establishment" is not defined in Proposition 47, nor is it defined in other sections of the Penal Code, we consider the ordinary meaning of the words themselves. "A dictionary is a proper source to determine the usual and ordinary meaning of a word or phrase in a statute." (*E.W. Bliss Co. v. Superior Court* (1989) 210 Cal.App.3d 1254, 1258, fn. 2.)

The Merriam–Webster Online Dictionary (2016) provides a simple definition for commerce as follows: "[A]ctivities that relate to the buying and selling of goods and services." (See <http://www.merriam-webster.com/dictionary/commerce> [as of August 22, 2016].) Black's Law Dictionary defines establishment as, "2. An institution or place of business." (Black's Law Dict. (8th ed. 2004) p. 586, col. 1.) Commerce is defined as "The exchange of goods and services, esp. large scale involving transportation between cities, states, and nations." (*Id.* at p. 285, col. 1.)

In addition to the dictionary definitions of commerce and establishment cited above, we note that the regulations promulgated by the United States Copyright Office provide: "The term 'commercial establishment' means an establishment used for commercial purposes, such as bars, restaurants, private offices, fitness clubs, oil rigs, retail stores, banks and financial institutions, supermarkets, auto and boat dealerships, and other establishments with common business areas . . . ." (Patents, Trademarks, and Copyrights Regs. 37 C.F.R. §258.2 (2015).)

In *In re J.L.* (2015) 242 Cal.App.4th 1108, 1114, the court found that stealing a cellular telephone from a school locker did not qualify for resentencing under Proposition 47. It determined that, "[w]hatever broader meaning 'commercial establishment' as used in section 459.5 might bear on different facts, [the defendant's] theft of a cell phone from a school locker room was not a theft from a commercial establishment." The court gave the words their common sense meaning,

4

and defined commercial establishment as "one that is primarily engaged in commerce, that is, the buying and selling of goods or *services.*" (*Ibid.*, italics added.)

It is clear that the Hertz Rent-A-Car is a commercial establishment under the definitions cited above. The company's primary activity is renting cars to paying customers, and thus, it is an establishment used for commercial purposes. The remaining elements of shoplifting, most notably the value of the property taken and whether it was $950 or less have not been established. Defendant's petition in the trial court addressed only her position that the Hertz Rent-A-Car was a commercial establishment within the meaning of section 459.5; defendant presented no arguments regarding defendant's intent in entering the store, whether the store was open at the time, or the value of the property defendant intended to take when she entered the store. The prosecutor did not file a response to the petition, and there was no hearing, or any evidence presented by either side on whether the second degree burglary in this case met the elements of shoplifting as defined by Proposition 47.

"[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft offense, " 'the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) Moreover, in *People v. Perkins* (2016) 244 Cal.App.4th 129, the court noted that a defendant seeking reduction of his felony to a misdemeanor pursuant to Proposition 47 should consider "attach[ing] some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief." (*Perkins, supra,* 244 Cal.App.4th at p. 140, fn. omitted.)

5

Because the record does not show that the value of the property that defendant intended to steal was $950 or less, and whether defendant entered the Hertz Rent-A-Car when it was open during regular business hours, defendant has failed to demonstrate error, and we must affirm.  We will affirm without prejudice.  We note that a petition containing a declaration regarding the remaining elements of shoplifting could be sufficient to set the matter for hearing.  (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper resentencing petition "could certainly contain at least" the petitioner's testimony about the circumstances of the offense,  and on a sufficient showing the trial court "can take such action as appropriate to grant the petition or permit further factual determination"].)

**DISPOSITION**

The order denying defendant's Proposition 47 petition is affirmed without prejudice to subsequent consideration of a petition that offers evidence of defendant's eligibility for the requested relief.

_____
RUSHING, P.J.

WE CONCUR:


_____
PREMO, J.


_____
ELIA, J.

7