Filed 7/11/16  P. v. Hayden CA4/2
Received for posting 7/12/16

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E064327 |
| v. | (Super.Ct.No. SWF1303054) |
| JOSEPH MICHAEL HAYDEN, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Michael A. Hestrin, District Attorney, Emily R. Hanks, Deputy District Attorney, for Plaintiff and Appellant.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Respondent.

On January 14, 2014, defendant and respondent Joseph Michael Hayden entered a guilty plea to second degree burglary based on his entry into a Wells Fargo bank to cash a check that belonged to another person, and made out to himself.  On November 14, 2014,

1

voters passed Proposition 47, which reduced certain nonserious, nonviolent felonies to misdemeanors and added misdemeanors to the Penal Code. On January 27, 2015, defendant filed a petition to recall his sentence (Petition) stating that his felony conviction of second degree burglary should be reduced to a misdemeanor under Proposition 47. The trial court granted the Petition finding defendant had shown that his felony conviction of second degree burglary constituted a violation of Penal Code section 459.5,[1] shoplifting, a misdemeanor added by Proposition 47. The trial court deemed the section 459 conviction a violation of section 459.5.

Plaintiff and appellant the People of the State of California appeal from the order granting the Petition.[2] The People contend that defendant failed to meet his burden of proving eligibility for resentencing, and the trial court erred in granting defendant's Petition because he remained guilty of second degree burglary, not misdemeanor shoplifting. Specifically, the People argue that defendant entered the bank to commit identity theft, not larceny, which remained a felony after the passage of Proposition 47.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The People can file an appeal pursuant to section 1238, subdivisions (a)(5) and (a)(10). We do note that in assessing the Petition, the trial court relied on evidence, which was not disputed by the People, outside the record of conviction, e.g., that the check possessed by defendant was in the amount of $700. A petition that relies on matters outside the record is normally considered a petition for writ of habeas corpus and the denial would not be appealable. However, this would make no difference in this case. The People can file an appeal from the grant of a habeas petition. (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 983 ["Although the People may appeal the granting of a writ of habeas corpus, the detainee has no right to appeal its denial and must instead file a new habeas corpus petition in the reviewing court"].)

Further, the People contend that a bank is not a commercial establishment within the meaning of section 459.5.

We affirm the trial court's order granting the Petition.

**FACTUAL AND PROCEDURAL HISTORY**

A.    <u>CHARGES AND PLEA</u>

On November 27, 2013, defendant was charged in count 1 of an amended felony complaint with a violation of section 459, in that on October 26, 2013, "he did willfully and unlawfully enter a certain building located at WELLS FARGO BANK, 31600 GRAPE STREET, LAKE ELSINORE, CALIFORNIA, with intent to commit theft and a felony." He was further charged in count 2 with receiving stolen property, to wit, a check belonging to Anthony G. He was also charged with having suffered a prior serious and violent felony conviction, a first degree residential burglary, within the meaning of sections 667, subdivisions (c) and (e)(1), and 1170.12, subdivision (c)(1); and with having served a prior prison term within the meaning of section 667.5, subdivision (b).

On January 14, 2014, prior to the preliminary hearing, defendant signed a plea agreement. He agreed to admit to count 1, the second degree burglary. He also agreed to admit that he had suffered the prior serious or violent felony conviction. On that same day, defendant entered his guilty plea in open court. In taking the plea, the trial court inquired, "And is it true that on October 26th of the year 2013 in Riverside County you entered, willfully and unlawfully, Wells Fargo Bank with the intent to commit petty theft and a felony?" Defendant responded, "Yes, your Honor." Defendant admitted the prior conviction.

Defendant was sentenced to 16 months, which was one-third the midterm doubled due to the prior conviction. Count 2 was dismissed. The sentence was ordered to run consecutive to two other cases. His total commitment on all three cases was five years four months.

B.     PETITION FOR RESENTENCING

Defendant filed his Petition on January 27, 2015, on a court form. He stated only that he been convicted of "PC 459/PC 496" and that he requested it be reduced to a misdemeanor. The People filed a response on a court form. They stated that defendant "attempted cashed 2 checks $700 + $300 in a bank—not a commercial establishment."

The matter was set for a resentencing conference. The trial court stated in its written order that the issue was "2 checks 700, 300. Were they cashed same day?" A deputy public defender was appointed and defendant was not to be transported for the hearing.

Counsel for defendant filed a brief prior to the hearing. Counsel argued that the trial court could only consider the record of conviction in determining whether defendant was eligible for resentencing under Proposition 47. Defendant's counsel argued that the record of conviction was "devoid of admissible evidence establishing any facts which would disqualify" defendant. Defendant's counsel contended that even looking beyond the record of conviction, defendant only sought to cash a check that was in the amount of $700. Defendant was eligible for relief and, unless the court found he was unreasonably dangerous, the Petition must be granted.

4

The People filed points and authorities to support the opposition to the Petition. The People contended that Wells Fargo bank was not a commercial establishment.[3] The People noted that commercial establishment was not defined in section 459.5. As such, the commonsense meaning of commercial establishment was only those establishments that offered goods for sale. Further, a bank was considered a "financial establishment." As such, defendant's entry into Wells Fargo bank to cash a fraudulent check was not shoplifting.

The matter was heard on August 7, 2015. The trial court stated that the issue to be decided was whether the bank was a commercial establishment and whether the amount was less than $950. Defendant's counsel stated, "Right, and the count that he pled to, my understanding is that the value of the check that he pled to on the date that was alleged in the Complaint was $700." The People did not object to the amount. The People responded, "Your Honor, I would simply submit on our written opposition, and I did also give your clerk a copy of the police report, which I'm asking to be filed under seal."

The trial court ruled, "All right. I'll go ahead and do that, because I know this is one of the ones that are going to go up on the whole bank issue, so I'll go ahead and do that. [¶] So until we hear from the Court of Appeal, the Court is still finding that a bank is a commercial establishment, and then since there was no reference either by *Harvey*

---

[3] Newly enacted section 459.5 defines shoplifting, in part, as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)."

waiver[4] or anything else to the other count, and Count 1 was specific, and that amount was under $950, I'm going to grant the relief and deem the 459 a 459.5."

The trial court then inquired whether defendant was in or out of custody. Defendant's counsel responded, "It's 2014. He got 16 months, one-third the midterm doubled, consecutive to another case. He's probably still in." The trial court responded, "So he has 364 days credit for time served, and we will send an amended abstract to the D.O.C."

The police report and arrest warrant have been made part of the record on appeal. The police report was submitted by the People below, and was added to the record on appeal by the People. According to the arrest warrant, and confirmed in the police report, defendant entered the Wells Fargo bank with a check belonging to another person, who had reported it stolen; it was in the amount of $700. The teller did not take the check and defendant fled. The warrant was requested for violations of section 475, subdivision (c), possession of a check with the intent to defraud; section 530.5, unauthorized use of personal information; section 470, subdivision (a), forgery; and section 459, burglary.

## DISCUSSION

The People contend that the trial court erred by granting defendant's Petition by finding that his conviction of second degree burglary should be reduced to a misdemeanor violation of section 459.5, shoplifting. The People insist defendant entered

---

**4** In *People v. Harvey* (1979) 25 Cal.3d 754, 758, the court enunciated the rule that allowed a defendant to agree when entering a plea to allow the court to consider the facts of dismissed counts in selecting an aggravated sentence.

the Wells Fargo bank with the intent to commit identity theft, which remains a felony after the passage of Proposition 47, not larceny.  Moreover, a bank is not a commercial establishment.  These issues are currently under review by the California Supreme Court in *People v. Gonzales*, review granted on February 17, 2016, S231171.

     A.     <u>PROPOSITION 47</u>

"The voters approved Proposition 47 at the November 4, 2014 general election, and it became effective the next day."  (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1328.)  "[P]roposition 47 'was intended to reduce penalties "for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors."'"  (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.)

Proposition 47 added section 1170.18.  Subdivision (a) of section 1170.18, provides in pertinent part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."  Under section 1170.18, subdivision (b) the trial court first determines whether the petition has presented a prima facie case for relief under section 1170.18, subdivision (a).  If the petitioner satisfies the criteria in subdivision (a), then he will be resentenced to a misdemeanor, unless the court, within its

discretion, determines the petitioner would pose an unreasonable risk to public safety. (§ 1170.18, subd. (b).)

In order to be eligible for resentencing, defendant had the burden of showing that he "would have been [guilty of] a misdemeanor" if Proposition 47 had been in effect at the time of his offense. (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880 [defendant has the burden of establishing his or her eligibility for resentencing under Proposition 47].) Here, although defendant presented a form petition, the trial court ordered a hearing at which additional evidence was presented. As will be set forth in detail *post*, defendant met his burden of showing his eligibility to be resentenced.

### B.    THEFT BY FALSE PRETENSES

"When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure." (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.)

In this case, we are concerned with the addition of section 459.5 to the Penal Code by Proposition 47. Section 459 is not listed in Proposition 47 and remains after the effective date of Proposition 47. Second degree burglary, which is defined in relevant part as the entering of a building other than a residence "with intent to commit grand or petit larceny or any felony," remains punishable as either a misdemeanor or a felony. (§§ 459, 461, subd. (b).) Section 459.5 provides, "[n]otwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).) As such, shoplifting consists of four elements, which must be found by the trial court as follows: (1) entry into a commercial establishment; (2) while that establishment is open during regular business hours; (3) with the intent to commit larceny; and (4) the value of the property that is taken or intended to be taken does not exceed $950. (§ 459.5, subd. (a); see also *People v. Contreras* (2015) 237 Cal.App.4th 868, 892.) The crime of shoplifting, with certain exceptions not relevant here, is punishable only as a misdemeanor.

Here, it is undisputed by the parties that the amount involved in the case was less than $950. There also is no dispute that the bank was open during regular business hours. The questions in this case are (1) whether defendant entered the bank with the intent to commit larceny, or (2) whether the bank was a commercial establishment. The People insist that defendant entered the bank with the intent to commit identify theft, and not

9

larceny.[5]  As such, section 459.5 would not apply.  However, defendant pled guilty to entering the Wells Fargo bank to with the intent to commit "petty theft *and* a felony." (Italics added.)  Such theft was by false pretenses, and it must be determined if this is the equivalent of larceny as that term is used in section 459.5.

"Theft" is defined in section 484, subdivision (a) as follows:  "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft."  As such, the term "theft" includes theft by false pretenses, that is, "knowingly and designedly, by any false or fraudulent representation or pretense, defraud[ing] any other person of money, labor or real or personal property." (*Id*. at subd. (a).)  Larceny is statutorily equated with "theft."  Section 490a provides, "[w]herever any law or statute of

---

[5]  Section 530.5 defines identity theft as follows:  "Every person who willfully obtains personal identifying information, as defined in subdivision (b) of Section 530.55, of another person, and uses that information for any unlawful purpose, including to obtain, or attempt to obtain, credit, goods, services, real property, or medical information without the consent of that person, is guilty of a public offense, and upon conviction therefor, shall be punished by a fine, by imprisonment in a county jail not to exceed one year, or by both a fine and imprisonment, or by imprisonment pursuant to subdivision (h) of Section 1170."

this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

In *People v. Nguyen* (1995) 40 Cal.App.4th 28, the defendant was convicted of three counts of burglary for giving worthless checks to the victims in exchange for their property. On appeal, the defendant argued that he did not intend to commit larceny but rather theft by false pretenses, which would not support his burglary convictions. (*Id.* at pp. 30-31.) The appellate court rejected this argument finding, "[I]n 1927, the Legislature amended the larceny statute to define theft as including the crimes of larceny, embezzlement and obtaining property by false pretense. [Citation.] At the same time, the Legislature also enacted section 490a stating, '[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word "theft" were substituted therefor.' [Citation.] Thus, the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, including 'petit' theft by false pretenses." (*Id.* at p. 31; see also *People v. Curtin* (1994) 22 Cal.App.4th 528, 531 [obtaining property by false pretenses along "with other larcenous crimes, have been consolidated into the single crime of theft"].)

This conclusion that larceny includes theft by false pretenses is supported by the intent of the voters. Proposition 47 was intended to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70.) Petty theft by false

11

pretenses is exactly the type of nonserious, nonviolent crime that should be eligible for resentencing under Proposition 47.

Here, it is clear that defendant pled guilty to second degree burglary both based on the intent to commit theft and a felony. His entry with the intent to commit theft by false pretenses qualifies as shoplifting. The People insist that defendant entered with the intent to commit identity theft, not larceny. We would be inclined to agree with the People if defendant was only charged with burglary based on the commission of a felony, or even if he entered a plea in the alternative and the evidence supported that it was only based on the intent to commit a felony. However, here, defendant admitted he entered with both the intent to commit theft and a felony.

Moreover, the fact that defendant also may have possessed the intent to commit a felony, based on the plain language in section 459.5, he could not be charged with second degree burglary. As stated, section 459.5, subdivision (b) provides "any act of shoplifting" shall be charged as shoplifting. Further, it states no person charged with shoplifting may also be charged with burglary of the same property. This language is clear that despite the allegation by the People that defendant additionally had the intent to commit identity theft, since his actions constituted shoplifting, had Proposition 47 been in effect at the time defendant was charged, he could have only been charged with shoplifting. Further, he could not additionally be charged with burglary based on the same theft. We can reach no other conclusion based on the plain language of section 459.5, subdivision (b).

Here, defendant entered a plea that he entered Wells Fargo bank to commit both theft and a felony. It is true that he may have possessed multiple intents when entering the bank; however, pursuant to section 459.5, subdivision (b), if his actions constituted shoplifting, they had to be charged as shoplifting and not burglary. As such, the element of shoplifting, intent to commit larceny, is supported by the evidence.[6]

### C.   COMMERICAL ESTABLISHMENT

The People contend that defendant was not eligible for resentencing because a bank is not a commercial establishment.

Section 459.5 requires entry into a commercial establishment. Because the term "commercial establishment" was not defined in the ballot initiative and is not defined in the Penal Code, we begin with the words themselves, giving them their ordinary meaning. "A dictionary is a proper source to determine the usual and ordinary meaning of a word or phrase in a statute." (*E.W. Bliss Co. v. Superior Court* (1989) 210 Cal.App.3d 1254, 1258, fn. 2; see also *Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121-1122 ["When attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word"]; *Scott v. Continental Ins. Co.* (1996) 44 Cal.App.4th 24, 30, fn. omitted ["It is thus safe to say that the 'ordinary' sense of a word is to be found in its dictionary definition"].)

The Merriam-Webster Online Dictionary (2016) provides a simple definition for commerce as follows: "activities that relate to the buying and selling of goods and

---

**6** Defendant argues that identity theft also constitutes larceny after Proposition 47. We need not address this issue.

services." (<http://www.merriam-webster.com/dictionary/commerce> [as of July 8, 2016].) The full definition includes, "the exchange or buying and selling of commodities on a large scale involving transportation from place to place." (*Ibid.*) "Commodity" is simply defined as "something that is bought and sold" or "something or someone that is useful or valued." (<http://www.merriam-webster.com/dictionary/commodities> [as of July 8, 2016].)

Black's Law Dictionary defines establishment as, "2. An institution or place of business." (Black's Law Dict. (8th ed. 2004) p. 586, col. 1.) Commerce is defined as "The exchange of goods and services, esp. large scale involving transportation between cities, states, and nations." (*Id.* at p. 285, col. 2.)

In the Code of Federal Regulations, pertaining to copyright law, commercial establishment is defined as "an establishment used for commercial purposes, such as bars, restaurants, private offices, fitness clubs, oil rigs, retail stores, banks and financial institutions, supermarkets, auto and boat dealerships, and other establishments with common business areas[.]" (37 C.F.R § 258.2 (2014).)

In *In re J.L.* (2015) 242 Cal.App.4th 1108, 1114, the court found that stealing a cellular telephone from a school locker did not qualify for resentencing under Proposition 47. It determined that, "[w]hatever broader meaning 'commercial establishment' as used in section 459.5 might bear on different facts, [the defendant]'s theft of a cell phone from a school locker room was not a theft from a commercial establishment." Thereafter, the court defined commercial establishment as follows: "Giving the term its commonsense

14

meaning, a commercial establishment is one that is primarily engaged in commerce, that is, the buying and selling of goods or *services*." (*Ibid*, italics added.)

Commercial establishment is reasonably interpreted to include those businesses engaged in the buying and selling of services. A bank is engaged in the buying and selling of services. A commercial establishment does not mean just an establishment engaged in the buying and selling of goods. The term is reasonably interpreted to include the buying and selling of goods and services.

Based on the foregoing, the trial court properly granted defendant's Petition.[7]

## DISPOSITION

The trial court's order granting defendant's Petition to recall his sentence is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
Acting P. J.

We concur:

CODRINGTON _____
J.

SLOUGH _____
J.

---

[7] We note that the trial court did not address, after finding that defendant was eligible to be resentenced, whether he posed an unreasonable risk of danger to public safety. Moreover, the trial court ordered that he receive 364 days of custody credit; however, he was sentenced to 16 months due to the prior conviction. Neither party addresses these issues. We will not raise them for the parties. It does appear he remained in custody due to the sentencing on the two companion cases.