[S. F. No. 15678. In Bank.—November 24, 1936.]

COMMERCIAL SOLVENTS CORPORATION (a Corporation), Respondent, v. RAY L. RILEY et al., Appellants.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellants.

Norman A. Eisner and Joseph C. Meyerstein for Respondent.

LANGDON, J.—Plaintiff is engaged in the manufacture and sale of industrial alcohol, including ethyl alcohol which may be thereafter denatured and rendered unfit for beverage purposes, but which prior thereto, can be used for beverage purposes. In November, 1935, plaintiff sold a manufacturer of flavoring extracts 54 gallons of ethyl alcohol in a steel drum. The purchaser intends to use it solely for the manufacture of flavoring extracts unfit for beverage use and is not licensed to manufacture or deal in alcoholic

beverages. At the time of this sale, defendants, representing the state board of equalization, demanded that the plaintiff pay an excise tax of 80 cents per gallon on the alcohol in said drum, claiming that the same was due under the provisions of the Alcoholic Beverage Control Act. Defendants threatened to seize the drum and destroy the alcohol if payment were not made. Plaintiff then brought this action to restrain the seizure. Defendants' demurrer was overruled, and the court granted a temporary injunction, afterwards made permanent, restraining the defendants from attempting to collect the tax or to seize the alcohol. Defendants appealed.

 The question raised by this appeal is whether sales of ethyl alcohol, destined for use in the manufacture of nonbeverage products, are subject to tax under the provisions of the Alcoholic Beverage Control Act. (Deering's Gen. Laws, 1935 Supp., Act 3796, p. 1129.) In our opinion they are not.

 The short title of the statute, "Alcoholic Beverage Control Act", and the provisions of its full title, which refer to the licensing and taxation of "alcoholic beverages", indicate at the outset an intention to tax alcoholic liquors used for beverage purposes, and disclose no intent to tax industrial alcohol as such. The taxing provision, section 24, provides for an excise tax on "all distilled spirits" sold in this state, with a rate graduated according to the quantity, from two ounces to one gallon. Although "distilled spirits" by definition in section 2, subdivision (d), include "ethyl alcohol", this does not compel the conclusion that ethyl alcohol intended for nonbeverage purposes is covered. As already stated, the unmistakable purpose of the act is to the contrary.

 Moreover, the taxing provision specifies rates which are applicable to the maximum quantity of one gallon, and under section 33, the tax upon the sale is collected "by means of attaching to each package containing such distilled spirits a stamp or stamps of a denomination equivalent to the amount of excise tax imposed". These stamps are attached "by the holders of on- or off-sale distilled spirits licenses" upon the opening of the original cases or the delivery of the spirits. And under section 34, such spirits cannot be delivered by the manufacturer in packages containing more than one gallon. It is clear that the tax is intended for the

small package or container of beverage alcohol, and no plan is provided for collecting it from the manufacturer of alcohol, while the same is held by him in bulk, and prior to delivery to someone licensed to sell it for beverage purposes, and to affix the stamps.

This interpretation is strengthened by section 67, which reads: "Nothing in this Act shall be deemed to prevent or restrict the use of a *tax-free alcohol or of industrial alcohol* or other distilled spirits or wine under regulation by the United States Government in the manufacture of medicinal, pharmaceutical, or antiseptic products, including prescriptions compounded by retail druggists; of toilet products, of flavoring extracts, syrups, of food products, of scientific, chemical or industrial products; *provided such products are unfit for beverage use.*" "Tax-free alcohol" or "industrial alcohol", though not specifically defined in the act, must, by reason of the provisions heretofore mentioned, be understood to mean "undenatured ethyl alcohol or other distilled spirits in *packages of more than one gallon for use in the trades, professions or industries*", as described in section 6, subdivision (i).

It therefore appears that the act discloses an intention to tax alcoholic beverages; that it sets up machinery suitable for the taxation only of such beverages in small containers; and that it specifically refers to industrial alcohol as "tax free". If any problem arises by reason of the uncertainty as to whether ethyl alcohol sold by a manufacturer may be used for beverage or nonbeverage purposes, this is solely one of enforcement of the act and prevention of its violation. The statute appears to contain sufficient safeguards in this respect.

Since sales of industrial alcohol intended for nonbeverage purposes are not within the scope of the taxing provisions of the act, appellants were without authority in attempting to seize the alcohol involved in this action.

The judgment is affirmed.

Shenk, J., Curtis, J., Waste, C. J., Thompson, J., Seawell, J., and Edmonds, J., concurred.