[Civ. No. 28310. First Dist., Div. Three. Feb. 17, 1972.]

STANDARD OIL COMPANY OF CALIFORNIA et al.,
Cross-complainants and Appellants, v.
OIL, CHEMICAL AND ATOMIC WORKERS
INTERNATIONAL UNION, AFL-CIO et al.,
Cross-defendants and Respondents.

586

**COUNSEL**

Pillsbury, Madison & Sutro, Noble K. Gregory, Anthony P. Brown, Michael H. Salinsky, Cox & Cummins and James E. Cox for Cross-complainants and Appellants.

Ricksen, Ricksen, Snook & Vendt, Rupert H. Ricksen, Richard G. Logan, Hanna & Brophy, D. R. Brophy and Warren L. Hanna for Cross-defendants and Respondents.

**OPINION**

**CALDECOTT, J.**—Hannah M. Jones (not a party to this appeal) filed a complaint for wrongful death of her husband Richard E. Jones. Named as defendants were Standard Oil Company of California (Standard), and four of Standard's employees. (Appellants in the instant action.)

Appellants filed their answer and simultaneously filed a cross-complaint against the Oil, Chemical and Atomic Workers International Union, AFL-CIO and its representative; Locals 1-5 of the Oil, Chemical and Atomic

Workers Union and its secretary; and various named members of the two unions. (Respondents in the instant action.) This cross-complaint sought declaratory relief, that if appellants should become liable to plaintiffs (Jones), appellants would be entitled to indemnity from the respondents.

Respondents demurred to the cross-complaint for indemnity on the ground that the cross-complaint did not state facts sufficient to constitute a cause of action. The demurrers were sustained with leave to amend. Appellants filed an amended cross-complaint. Each respondent filed a demurrer to the amended cross-complaint, again alleging failure to state a cause of action. The court sustained the demurrer without leave to amend. Judgment was entered dismissing appellants' cross-complaint for indemnity. The appeal is from the judgment.

The facts as stated by the appellants and accepted by the respondents are as follows: "Hannah M. Jones, Richard E. Jones, Jr., Michael Jones, and Talman Jones instituted a wrongful death action against the appellants (Standard Oil Company of California, Robert S. Proctor, Harold Haburn, Carl Sherwood and Warren Sears) for the death of Richard Ellsworth Jones. The amended complaint alleged that a dispute broke out between Oil, Chemical and Atomic Workers International Union, AFL-CIO and Local 1-5 thereof and various oil companies. That complaint further alleged that on January 5, 1969, as a direct and proximate result of the negligence of the individual appellants, Sears drove a truck and trailer owned by the corporate appellant over Richard Ellsworth Jones, causing serious injury and his eventual death.

"Appellants answered, denying that the death of Richard Ellsworth Jones was proximately caused by their alleged negligence, and cross-complained against the respondents. The amended cross-complaint prayed for a judgment that appellants be entitled to indemnity from respondents (the two unions, their respective representatives and their members who participated in the wrongful acts complained of) for any amount for which appellants may be held liable to plaintiffs in the main action.

"The amended cross-complaint alleged that the injuries to Richard Ellsworth Jones occurred while appellants were lawfully attempting to use the public highways adjacent to the corporate appellant's facilty at Avon, Contra Costa County, California. Appellant Sears had come to a complete halt and then drove forward carefully at not more than two miles per hour, complying with all laws and ordinances covering the movement of motor vehicles. Respondents, however, used force and violence in an attempt to prevent appellants from moving the truck and trailer into the corporate appellant's property; assaulted appellant Sears by threatening

him with bodily harm and by damaging the truck he was operating; and conspired to prevent appellant Sears from seeing the decedent and from receiving signals or instructions regarding the movement of the truck and trailer.

"It was alleged that the foregoing acts by respondents were either 'active negligence' or 'willful acts' and were the proximate cause of the injuries sustained and the resulting death of Richard Ellsworth Jones."

The basic issue on this appeal is whether the amended cross-complaint states a cause of action. ■ As stated in *Pearson Ford Co.* v. *Ford Motor Co.,* 273 Cal.App.2d 269, 271-272 [78 Cal.Rptr. 279], "Where, as here, two persons are held legally responsible in tort for the injury or damage to another, the question frequently arises as to how the loss is to be apportioned between the two responsible parties. If the rule of contribution obtains, the loss is distributed equally between them. (Code Civ. Proc., §§ 875, 876; *Herrero* v. *Atkinson,* 227 Cal.App.2d 69, 73 [38 Cal.Rptr. 490, 8 A.L.R.3d 629]; *Atchison, T. & S. F. Ry. Co.* v. *Lan Franco,* 267 Cal.App.2d 881, 884-885 [73 Cal.Rptr. 660].)[1] If, however, one of the responsible parties is entitled to indemnity, he may shift or transfer the entire loss to the other who in equity and justice should bear it. (*Cahill Bros., Inc.* v. *Clementina Co.,* 208 Cal.App.2d 367, 376 [25 Cal.Rptr. 301]; *Herrero* v. *Atkinson, supra,* 227 Cal.App.2d 69, 73.) (2) The right to implied indemnity may arise from contract or from equitable considerations. (*City & County of San Francisco* v. *Ho Sing,* 51 Cal.2d 127, 130 [330 P.2d 802]; *Cahill Bros., Inc., supra,* at p. 376.) It is not available where the responsible parties are *in pari delicto,* and the fault of each is equal in grade and similar in character (*Herrero* v. *Atkinson, supra,* at p. 74; *Atchison, T. & S. F. Ry. Co.* v. *Lan Franco,* 267 Cal.App.2d 881, 886 [73 Cal.Rptr. 660])." In this case there is no question of contractual indemnity. The case involves implied indemnity only.

■ Appellants contend that they are entitled to indemnity from respondents if they can show that respondents' acts were "reckless" or "intentionally wrongful" and that the respondents knew of the peril and could have avoided it. Appellants further contend that the trial court concluded that if appellants were liable to plaintiff (Jones) in the principal action, it would be because of their so-called active negligence which the trial court erroneously held would bar indemnity under any theory, when in fact appellants under the Restatement of Restitution section 97, are entitled to indemnity. Section 97 states: "A person whose negligent conduct combined with

---

[1] The rule of contribution is not applicable here as the respondents are not parties to the wrongful death action.

the reckless or intentionally wrongful conduct of another has resulted in injury for which both have become liable in tort to a third person is entitled to indemnity from the other for expenditures properly made in the discharge of such liability, if the other knew of the peril and could have averted the harm at a time when the negligent tortfeasor could not have done so."

As stated in *Canfield* v. *Security-First Nat. Bank* (1939) 13 Cal.2d 1, 4 [87 P.2d 830]: ". . . The Restatement . . . does not constitute a binding authority, but, considering the circumstances under which it has been drafted, and its purposes, in the absence of a contrary statute or decision in this state, it is entitled to great consideration as an argumentative authority."

In order for section 97 to be applicable, the union must have known of the peril and have been able to avert the harm at a time when Standard could not have done so. If the peril was the attempt to move the truck through the picket line, it might be said that the union was aware of this peril and could have averted it by withdrawing; if so, however, Standard could also have averted it either by stopping the truck or by making no attempt to drive through the picket line. If the peril is seen as the specific danger of running over the decedent, the union could not possibly have averted the harm because it did not have control of the truck. Thus under either view, section 97 does not apply.

The appellants were not, as they claim, "merely an instrument or tool which caused the physical result in a situation caused entirely by the actions of the respondents." According to the allegations of their own complaint, appellants were the moving party who physically caused the injury. We, of course, are not saying that appellants' actions constitute negligence, for that is a question for the trier of fact to decide. From the allegations of the complaint, however, section 97 is not applicable to this case.

Appellants further contend that their actions were not equal in grade or similar in character to the actions of the respondents, that they were not *in pari delicto* and thus were entilted to indemnity. Appellants, though not conceding active negligence, in effect claim that a joint tortfeasor who was guilty of active negligence is entitled to indemnity from a joint tortfeasor who is guilty of reckless or intentional conduct.

Appellants claim that California courts have not set up an inflexible rule that active participation in the wrong bars indemnity, citing *Herrero* v. *Atkinson, supra* and *Pearson Ford Co.* v. *Ford Motor Co., supra.* The cases cited by appellants do not support this proposition. Furthermore,

appellants have not cited any California case, nor have we been able to find one, which holds that an active joint tortfeasor is entitled to indemnity from a joint tortfeasor who is guilty of reckless or intentional conduct.

*Herrero* v. *Atkinson, supra,* involved two different acts of negligence separated by a period of 18 months. Herrero, while driving a motor vehicle was involved in an accident with another vehicle. The victim was injured in the accident. About 18 months after her injury the victim employed the cross-defendant doctors to perform an operation made necessary by the accident. During the course of the operation, the cross-defendants negligently administered a blood transfusion and as a result, the victim died. Herrero filed a cross-complaint against the doctors seeking indemnity for any liability imposed upon him by reason of the resulting death. The court held, "He (Herrero) has had no control or direction over the conduct of the cross-defendants and not the slightest opportunity to protect himself against their negligence, yet he is made liable *in law* for any damages caused by them. Under such circumstances it is equitable and just that indemnity be allowed." (Italics added.) Appellants claim that this is a case of an active participant recovering indemnity. The court, in its opinion, cited several other "accident-malpractice" cases that had reached the same result. The rule, however, is apparently limited to the type of case where there are separate and distinct negligent acts, the original tortfeasor having no control over the conduct causing the second negligent act, and the liability of the original tortfeasor for the subsequent injury being *imputed by law.* Although Herrero's neglect made the wrongful death possible, he was not a participant in or actively engaged in the second negligent act. On the facts, *Herrero* is distinguishable from the present case because here the appellants were active participants.

*Atchison, T. & S. F. Ry. Co.* v. *Lan Franco, supra,* is also cited by appellants for the proposition that California courts have not set up an inflexible rule that active participation bars indemnity. The court, in *Atchison* states at page 887 that "Implied indemnity is usually precluded by the indemnity claimant's active participation in the wrong." The appellants point out that it is significant that the court used the word "usually" and not "always." The court did use the word "usually" and also used the word "generally" in stating the rule that ". . . two critical prerequisites are generally necessary for the invocation of noncontractual implied indemnity in California: (1) The damages which the claimants seek to shift are imposed upon him initially as a result of some legal obligation to the injured party; and (2) that the claimant *did not actively nor affirmatively participate* in the wrong." (See Molinari, *Tort Indemnity in California,* 8 Santa Clara Law. 159, 166.) The court, however, emphasized that the plaintiff must

not actively or affirmatively participate in the wrong. Furthermore, in spite of the words "usually" and "generally" the court did not mention any exceptions to the two prerequisites. *Atchison* was quoted in *Pearson Ford Co.* v. *Ford Motor Co., supra,* at pp. 272-273. *Pearson* also states, "[t]he right to indemnity inures to a person who, without active fault on his part, is compelled by reason of legal obligation or relationship to pay damages which have been caused by the acts of another. (*Ferrel* v. *Vegetable Oil Products Co.,* 247 Cal.App.2d 117, 120 [55 Cal.Rptr. 589]; *O'Melia* v. *California Production Service, Inc.,* 261 Cal.App.2d 618, 621 [68 Cal. Rptr. 125]." (See also *People* ex rel. *Dept. Pub. Wks.* v. *Daly City Scavenger Co.,* 19 Cal.App.3d 277, 281 [96 Cal.Rptr. 669] and the authorities cited therein.

*Colorado & S. Ry. Co.* v. *Western Light & Power Co.* (1923) 73 Colo. 107 [214 P. 30], is of no help to appellants. As stated by the court, plaintiff's (indemnity claimant's) negligence was negative and passive and did not contribute to the accident and defendant's negligence, if not wilful, was active and positive, and the sole cause of the collision. California would clearly allow indemnity in such a situation, but the allegations of the complaint in the instant case make the rule of the *Colorado & S. Ry. Co.* case inapplicable here.

Appellants cite *United Air Lines, Inc.* v. *Wiener,* 335 F.2d 379 which allowed indemnity although both parties were actively negligent. *Atchison T. & S. F. Ry. Co.* case specifically rejected this theory, which is contrary to the California cases. (See also *S. F. Examiner Division* v. *Sweat,* 248 Cal.App.2d 493, 497 [56 Cal.Rptr. 711].) A subsequent federal case, *Henke* v. *Fox,* 437 F.2d 815, barred indemnity where the indemnity claimant was guilty of active negligence.

In light of the above cases, as appellant's complaint alleges active and affirmative participation in Mr. Jones' injury, indemnity is barred.

Although the demurrer to the amended complaint was sustained without leave to amend, the facts as alleged show an active and affirmative participation and thus the complaint could not be amended to state a cause of action.

The judgment is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied March 17, 1972, and appellants' petition for a hearing by the Supreme Court was denied April 12, 1972.