[No. B157805. Second Dist., Div. Three. Feb. 28, 2003.]

CONSUMER CAUSE, INC., Plaintiff and Appellant, v. ARKOPHARMA, INC., et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Morse Mehrban and Morse Mehrban for Plaintiff and Appellant.

Sidley Austin Brown & Wood, James M. Harris, Judith M. Praitis and Amy P. Lally for Defendants and Respondents Arkopharma, Inc., Oakmont Investment Company, Inc., Nature's Way Products, Inc., Twin Laboratories,

Inc., Herb Pharm, Flower Essence Services, Botanical Laboratories, Inc., and Mczand Herbal, Inc.

Hyman, Phelps & McNamara and Brian J. Donato for Defendant and Respondent Wakunaga of America Co., Ltd.

Weston Benshoof Rochefort Rubalcava MacCuish, Kurt Weissmuller; Berman, Gaufin, Tomsic, Savage & Campbell and Stephen R. Waldron for Defendant and Respondent Action Labs, Inc.

Bill Lockyer, Attorney General, Richard M. Frank, Chief Assistant Attorney General, Theodora Berger, Assistant Attorney General, Craig Thompson and Edward G. Weil, Deputy Attorneys General, as Amici Curiae on behalf of Defendants and Respondents.

---

**OPINION**

**KITCHING, J.—**

### INTRODUCTION

The Safe Drinking Water and Toxic Enforcement Act of 1986 (Health & Saf. Code, § 25249.5 et seq.,[1] known as Proposition 65) requires a product containing "ethyl alcohol in alcoholic beverages" to bear a warning that the product contains a chemical "known to the state to cause reproductive toxicity." Defendants manufacture and sell liquid products containing herbal, botanical, floral, and similar extracts. These products also contain ethyl alcohol. Because defendants' products are not fit for beverage purposes, they are not "alcoholic beverages" and do not require the Proposition 65 consumer warning. Thus the trial court correctly sustained a demurrer without leave to amend, and we affirm the judgment entered in favor of defendants.

### PROCEDURAL HISTORY

Plaintiff Consumer Cause, Inc. (Consumer Cause) filed a complaint naming as defendants Arkopharma, Inc.; Herb Pharm; Oakmont Investment Company, Inc.; Phyto Technologies, Inc.; Doctor Phyto; New Chapter, Inc.; Advanced Aromatherapy & Herbal Medicine Co.; Action Labs, Inc.; Nature's Way Products, Inc.; Advanced Nutrition, Inc.; Essential Organics;

---

[1]Unless otherwise specified, statutes in this opinion will refer to the Health and Safety Code.

Nelson Bach USA Ltd.; Twin Laboratories, Inc.; Flower Essence Services; Bioforce AG; Bio-Force, Inc.; Bioforce of America, Ltd.; Mczand Herbal, Inc.; Botanical Laboratories, Inc.; Wakunaga of America Co., Ltd.; Tree of Life, Inc.; Gourmet Award Foods, Inc.; and Liberty Richter, Inc. The complaint alleged that defendants' products violated the Safe Drinking Water and Toxic Enforcement Act of 1986, enacted by voters as Proposition 65.[2]

The trial court sustained defendants' demurrer without leave to amend and entered judgment for defendants. Consumer Cause filed a timely notice of appeal.

## STANDARD OF REVIEW

■ "A demurrer tests the legal sufficiency of factual allegations in a complaint. [Citation.] In reviewing the sufficiency of a complaint against a general demurrer, this court treats the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law. This court also considers matters that may be judicially noticed. When a demurrer is sustained, this court determines whether the complaint states facts sufficient to constitute a cause of action. [Citation.]

"On appeal, a plaintiff bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law. This court thus reviews the complaint de novo to determine whether it alleges facts stating a cause of action under any legal theory. Because a demurrer tests the legal sufficiency of a complaint, the plaintiff must show the complaint alleges facts sufficient to establish every element of each cause of action. If the complaint fails to plead, or if the defendant negates, any essential element of a particular cause of action, this court should affirm the sustaining of a demurrer. [Citation.]" (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 42-43 [96 Cal.Rptr.2d 354].)

## FACTS

In a cause of action for violation of section 25249.6, the complaint alleged that defendants manufactured, distributed and sold products which exposed California residents to ethyl alcohol, a chemical known to the state to cause

---

[2]By approving Proposition 65 on November 4, 1986, the voters enacted the Safe Drinking Water and Toxic Enforcement Act of 1986, effective on January 1, 1987.

reproductive toxicity as set forth in California Code of Regulations, title 22, section 12000, subdivision (c). The liquid products included herbal, plant, and flower extracts and supplements, bee pollen extracts, liquid oils, and liquid extract compounds. The complaint identified defendants' products by their consumer product trade names.

The complaint described residents' exposure to the chemical "as a result of their acquisition, purchase, storage, consumption, or other reasonably foreseeable use of the consumer products manufactured, distributed and sold by each defendant." The complaint alleged that "[t]he route of exposure to the chemical is ingestion." The complaint alleged that defendants failed and refused to give the consumer warning in section 25249.6 and in the California Code of Regulations, title 22, section 12000, subdivision (a) to California residents who "ingest" defendants' products.

Defendants demurred, arguing that not all liquids containing ethyl alcohol are subject to the requirements of Proposition 65, that under California law defendants' products were not alcoholic beverages unless they were "fit for beverage purposes," and that defendants' products were supplements and thus not "fit for beverage purposes." Plaintiffs opposed the demurrer by arguing that defendants' products satisfied the legal, dictionary, and common sense definition of an alcoholic beverage "fit for beverage purposes." As stated, the trial court sustained the demurrer without leave to amend.

ISSUE

This appeal presents the issue whether defendants' products contain "ethyl alcohol in alcoholic beverages" and must therefore bear a Proposition 65 consumer warning.

DISCUSSION

1. *The Statutory Scheme Requires a Warning If a Product Contains a Listed Chemical*

Section 25249.6 provides that "[n]o person[3] in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first

---

[3]"Person" means "an individual, trust, firm, joint stock company, corporation, company, partnership, limited liability company, and association." (§ 25249.11, subd. (b).)

giving clear and reasonable warning to such individual, except as provided in Section 25249.10."

Section 25249.8, subdivision (a) requires the Governor of the State of California, once a year, to "cause to be published a list of those chemicals known to the state to cause cancer or reproductive toxicity within the meaning of this chapter[.]"

"Ethyl alcohol in alcoholic beverages" appears on the list prepared pursuant to section 25249.8 as a chemical "known to the state to cause reproductive toxicity." (Cal. Code Regs., tit. 22, § 12000, subd. (c).)

2. *Defendants' Products Are Not "Alcoholic Beverages" and Proposition 65 Does Not Require Them to Bear a Consumer Warning*

Defendants' products are liquids containing ethyl alcohol. The issue in this appeal is whether defendants' products are "alcoholic beverages" for purposes of the Proposition 65 consumer warning requirement.

Neither Proposition 65, nor the regulation placing "ethyl alcohol in alcoholic beverages" on the list of substances known to the state to cause reproductive toxicity, defines "alcoholic beverage." Nonetheless we can look to the definition and use of this term in other statutes as a guide to its meaning in regulations promulgated pursuant to Proposition 65. (See *Metric Man, Inc. v. Unemployment Ins. Appeals Bd.* (1997) 59 Cal.App.4th 1041, 1050 [69 Cal.Rptr.2d 569].) The Alcoholic Beverage Control Act does define this term: " 'Alcoholic beverage' includes alcohol, spirits, liquor, wine, beer, and every liquid or solid containing alcohol, spirits, wine, or beer, and which contains one-half of 1 percent or more of alcohol by volume *and which is fit for beverage purposes* either alone or when diluted, mixed, or combined with other substances." (Bus. & Prof. Code, § 23004, italics added.)

*Commercial Solvents Corp. v. Riley* (1936) 7 Cal.2d 731 [62 P.2d 588] called upon the California Supreme Court to decide whether sales of ethyl alcohol to a purchaser intending to use it to manufacture flavoring extracts should be taxed as sales of an alcoholic beverage under the Alcoholic Beverage Control Act. Under the facts of the case, the Supreme Court assumed that these flavoring extracts were unfit for beverage use. The Supreme Court held that sales of ethyl alcohol for use in manufacturing

nonbeverage products were not subject to taxation under the Alcoholic Beverage Control Act. (*Id.* at pp. 732-733.) The Supreme Court noted that the Alcoholic Beverage Control Act did not regulate tax-free or industrial alcohol used to manufacture, inter alia, nonbeverage products such as flavoring extracts, " 'provided such products are unfit for beverage use.' " (*Id.* at p. 734, italics omitted.) Therefore the court found that sales of industrial alcohol intended for such nonbeverage purposes were not within the scope of the taxation provision of the Alcoholic Beverage Control Act. (*Ibid.*)

Like the Alcoholic Beverage Control Act as interpreted by *Commercial Solvents Corp.*, the Proposition 65 regulation listing "ethyl alcohol in alcoholic beverages" recognizes a distinction between alcohol used in a beverage and alcohol used in other products for human consumption which are not beverages. Although they contain alcohol and are made for human consumption, defendants' products are not intended to be consumed in a manner, or in such quantities, as to constitute "beverages." They are not analogous to the "spirits, liquor, wine, beer" in Business and Professions Code section 23004, because they are not used, and are not intended to be used, "for beverage purposes either alone or when diluted, mixed, or combined with other substances."

The Consumer Cause complaint does not specifically allege the quantities in which people consume defendants' products. Although the complaint alleges exposure to and ingestion of defendants' products, it does not allege that people actually drink defendants' products as alcoholic beverages.

It is actual use, not mere possibility of use, which determines whether a product is fit for beverage use, and thus triggers the requirement of a Proposition 65 warning for substances containing "ethyl alcohol in beverages." Two federal cases applied this "actual use" test in deciding whether a product could be taxed as a substance "fit for beverage purposes." (*Wah Shang Co. v. United States* (1957) 44 C.C.P.A. 155, 159; *W.R. Filbin & Co., Inc. v. U.S.* (Fed.Cir. 1991) 945 F.2d 390, 392-393.) *W.R. Filbin & Co.* determined whether a nonalcoholic product was a solid, frozen "food" or a liquid, drinkable "beverage." *Wah Shang Co.* determined whether a product containing alcohol on which duty was assessed as a medicine under the Tariff Act, could also be taxed as a distilled spirit under the Internal Revenue Code. In these cases, the court held that actual use, not potential use, caused a product to be fit for beverage purposes. The mere possibility of use of a product as a beverage was not sufficient as a matter of law; "fit for beverage use" required "substantial actual use as a beverage." (*Wah Shang Co.*, at p. 159; *W.R. Filbin & Co.*, at pp. 392-393.)

This "substantial actual use" test for determining whether a substance is a beverage is what makes *Wah Shang Co.* and *W.R. Filbin & Co., Inc.,* relevant to this appeal. The Consumer Cause complaint does not allege "actual use" of defendants products as beverages. Instead, it alleges that California residents are "exposed" to the chemical "as a result of their acquisition, purchase, storage, consumption, or other reasonably foreseeable use" of defendants' products, and alleges that "[t]he route of exposure to the chemical is ingestion." Applying the *Wah Shang Co.* test, requiring "substantial actual use as a beverage," leads to the conclusion that defendants' products are not beverages and therefore do not fall within the category "ethyl alcohol in alcoholic beverages" that would require a Proposition 65 consumer warning label.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to defendants.

Klein, P. J., and Aldrich, J., concurred.