Filed 8/25/25  Skyhigh Valencia v. Old Road Realty CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| SKYHIGH VALENCIA, LLC et al., | B334740 |
| Cross-complainants and Appellants, | (Los Angeles County Super. Ct. No. 20STCV27718) |
| v. | |
| OLD ROAD REALTY, LLC et al., | |
| Cross-defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory Keosian, Judge.  Dismissed in part and affirmed in part.

Law Offices of Perry Roshan-Zamir, Perry Roshan-Zamir and Olivia J. Palmieri for Cross-complainants and Appellants.

Law Offices of Richard A. Kolber, Richard A. Kolber; Benedon & Serlin, Judith E. Posner and Kian Tamaddoni for Cross-defendants and Respondents.

—————————————

Old Road Realty, LLC (ORR) is a limited liability company (LLC) originally formed in California. In 2015, it converted its corporate domicile to Delaware, but legally remained "for all purposes . . . the same entity that existed before the conversion." (Corp. Code, § 17710.09, subd. (a).) In 2017, ORR rented commercial real estate to Skyhigh Valencia, LLC (Skyhigh Valencia). The written lease identified ORR as a California LLC.

ORR later sued Skyhigh Valencia and individuals who guaranteed the lessee's performance for failure to make lease payments. The initial complaint stated ORR was a California LLC before ORR amended the complaint to state it was a Delaware entity. Skyhigh Valencia and the individual guarantors (collectively, the Skyhigh defendants) demurred to the amended complaint, asserting that a California LLC called ORR did not exist at the time the lease was purportedly entered into by that entity. The defendants claimed this meant the lease was voidable and they were not liable for unpaid rent. The trial court overruled the demurrer, finding the amended complaint properly alleged ORR was currently a Delaware LLC and that the lease was "susceptible to [ORR's] offered interpretation: that the reference to [ORR] in the contract was meant to refer to the entity then operating under that name, which formerly had been a California entity, and not to an extinct entity without any corporate existence."

Undeterred, the Skyhigh defendants filed a cross-complaint against ORR and its managing member William H. Quiros reiterating the claim that the lease was void because ORR said it was contracting as a California LLC at a time when it no longer was one. ORR and Quiros demurred to the cross-complaint, and the court sustained the demurrer without leave to amend.

The Skyhigh defendants now appeal the dismissal of their cross-complaint. We grant ORR's motion to dismiss the appeal as against it. Under the one final judgment rule, the appeal as to ORR is premature because claims involving ORR, the lease, and the guaranties are still pending in the trial court. To the extent the cross-complaint asserts claims against Quiros in his individual capacity, the judgment on the cross-complaint is final and therefore appealable, and we affirm the trial court's order because Quiros was not a party to the agreements at issue between ORR and the Skyhigh defendants.

## BACKGROUND

### A. Facts Giving Rise to the Litigation

In December 2017, Skyhigh Valencia leased a commercial building from ORR. The lease twice identified ORR as a California LLC. In addition to the written lease, ORR entered into guaranty agreements with Skyhigh Valencia's principals Robert Rafia, Mahmoud Malakafzali, and Ron Tucker. The guaranties said nothing one way or the other about ORR's corporate domicile.

In March 2019, Skyhigh Valencia assigned its rights under the lease to The Jurassic Jump, LLC (Jurassic Jump) and Atousa Afshari. Skyhigh Valencia remained responsible for paying rent to ORR in the event Jurassic Jump and Afshari failed to do so. In consideration for ORR's consent to the assignment, each guarantor agreed the assignment would "not limit, waive or otherwise impair" his individual obligations under the guaranties.

Jurassic Jump and Afshari failed to pay rent. ORR then demanded the outstanding rent from Skyhigh Valencia and the guarantors, which they collectively refused to pay.

3

In July 2020, ORR sued Skyhigh Valencia for breach of the lease and Rafia, Malakafzali, and Tucker for breach of the guaranties.[1]

## B.      ORR's Change in Domicile

### 1.      *ORR Changes Its Domicile*

During the litigation, the Skyhigh defendants learned that ORR had converted its corporate domicile from California to Delaware before ORR entered into the lease.

ORR formed in 2011 as a California LLC.  On May 8, 2015, approximately two years before ORR entered into the lease and guaranties, ORR re-registered as a Delaware LLC.  In connection with this change, ORR executed a certificate of conversion which was filed with the California Secretary of State on May 12, 2015. The certificate of conversion identified the jurisdiction of the "[c]onverting [e]ntity" as California and the jurisdiction of the "[c]onverted [e]ntity" as Delaware.  Notwithstanding this change, ORR identified itself as a California company in the 2017 lease and the 2020 complaint.

---

[1] In September 2020, the Skyhigh defendants filed a cross-complaint against Jurassic Jump and Afshari for, among other claims, indemnification.  The cross-complaint did not include any claims against ORR or Quiros.  In December 2020, ORR amended its complaint to name Jurassic Jump and Afshari as additional defendants.  Pursuant to ORR's request, the court eventually dismissed ORR's claims against Jurassic Jump and Afshari without prejudice.  Because the various claims against Jurassic Jump and Afshari are not pertinent to the appeal before us, we do not discuss them further.

4

### 2. *Deposition of ORR's Person Most Qualified*

On April 11, 2023, the Skyhigh defendants deposed ORR's person most qualified, who was Quiros. Quiros testified that he first established ORR as a California company, then changed its domicile to Delaware. He further testified that he did the same with some but not all of his other companies, that he was confused as to which of his companies he re-domiciled, and that he was not aware that the lease and complaint mistakenly identified ORR as a California LLC until that moment in the deposition. In response to a question about whether the California company no longer existed, Quiros responded, "Correct. It was re-domiciled. So it does—it's the same entity, it just changed in its domicile."

### 3. *ORR Amends Its Complaint and the Skyhigh Defendants Demur*

Shortly after the deposition, on April 17, 2023, ORR applied pursuant to Code of Civil Procedure section 473 for permission to amend its complaint to correct the mistaken allegations about its corporate home. ORR argued such a change would not cause any prejudice or delay. Over the Skyhigh defendants' opposition, the trial court granted the application, and ORR amended the complaint to reflect its correct domicile with no other changes.

The Skyhigh defendants demurred to ORR's amended complaint. They argued that (1) ORR "could not have entered into" the lease because it "was not in existence" as a California entity at the time of contracting, (2) the Skyhigh defendants had no "contractual relationship" with ORR (Delaware), and (3) the lease was voidable under Revenue and Taxation Code section 23304.1 because ORR's corporate entity status in California was suspended or forfeited when it entered the lease. The Skyhigh

5

defendants did not explain why ORR's corporate entity status was supposedly suspended or forfeited under the Revenue and Taxation Code or provide any support for that assertion. In support of their demurrer, the Skyhigh defendants requested that the court take judicial notice of ORR's 2011 California articles of organization, a Delaware agency's website showing ORR was formed as a Delaware company in May 2015, the May 2015 California certificate of conversion, and ORR's registration as an out-of-state LLC, filed with the California Secretary of State in May 2022, for ORR to conduct business in California.

In opposition, ORR argued that (1) "[a]t all times since 2011, there is and has been in existence only one entity named [ORR]," (2) its "powers, rights, or privileges were not suspended" when entering the lease and guaranties, and (3) the lease described ORR as a California entity due to "a scrivener's error."

On July 24, 2023, the trial court overruled the demurrer. The court explained the lease "is readily susceptible to [ORR's] offered interpretation: that the reference to [ORR] in the contract was meant to refer to the entity then operating under that name, which formerly had been a California entity, and not to an extinct entity without any corporate existence. The amended complaint properly alleges [ORR] as a Del[a]ware LLC. [ORR] w[as] granted leave to amend . . . as a result of an error in the domicile of the LLC." The court also found "no indication that any . . . suspension or forfeiture has ever been imposed upon [ORR] either as a California or Delaware corporation."

4. *The Skyhigh Defendants' Resist Discovery*

Before ORR corrected its corporate domicile in the complaint, it served deposition notices on the three guarantors. After ORR amended its complaint to correct its domicile, those

6

three defendants refused to appear at the noticed depositions, claiming the depositions were noticed by ORR (California), which was no longer a party to the case. On July 24, 2023, the trial court rejected this claim and granted ORR's motion to compel the defendants to appear at deposition. The court explained it had "already rejected [the] contention regarding the 'wrong party' argument," that "[t]he name change has not worked a substantive change in the parties to this action."

## C. The Skyhigh Defendants' Cross-complaint Against ORR and Quiros

On August 24, 2023, the Skyhigh defendants filed a cross-complaint against ORR (California) and Quiros, alleging causes of action for breach of lease (first cause of action), express indemnity (second cause of action), implied indemnity (third cause of action), declaratory relief (fourth cause of action), and bad faith retention of a security deposit (fifth cause of action). The only allegations identifying Quiros by name claimed that ORR was his alter ego, that there was an agency relationship between Quiros and ORR, and that ORR and Quiros conspired together to commit the acts alleged in the cross-complaint.

The breach of contract claim alleged ORR and Quiros breached the lease by (1) failing and refusing to indemnify the Skyhigh defendants, (2) ORR not existing as a California LLC at the time of contracting and therefore entering into an unauthorized contract in this state, and (3) failing to return the security deposit despite the lease being void. The second and third alleged breaches depended upon Revenue and Taxation Code section 23304.1, which provides that a contract "made in this state by a taxpayer during the time that the taxpayer's powers, rights, and privileges are suspended or forfeited" for non-

7

compliance with certain taxation provisions was "voidable at the request of any party to the contract other than the taxpayer." (Rev. & Tax. Code, § 23304.1, subd. (a).) The cross-complaint did not explain why ORR's powers were supposedly suspended or forfeited other than to say ORR (California) allegedly no longer existed at the time of the lease.

The express indemnity claim alleged that the parties entered into an indemnification agreement but did not cite to or quote from the alleged agreement. The Skyhigh defendants alleged that if they were "held liable and responsible . . . for damages as alleged in the [c]omplaint filed in this action, it will be solely due to the conduct of [ORR and Quiros], and each of them, as herein alleged. Therefore, [the Skyhigh defendants are] entitled to be indemnified by [ORR and Quiros], and each of them should such liability arise."

The declaratory relief cause of action alleged, "An actual controversy has arisen . . . with respect to the rights, obligations and duties of the parties under the lease" and claimed that the Skyhigh defendants were "without fault, responsibility or blame for any of the damages which [ORR] may have suffered." (Capitalization omitted.)

The claim for bad faith retention of security deposit alleged the lease was "void by operation of law as provided herein." Therefore, ORR and Quiros unlawfully retained the security deposit, which should have been returned pursuant to Civil Code section 1950.7.

## D.   ORR and Quiros's Demurrer

### 1.   *The Demurrer*

ORR and Quiros demurred to the cross-complaint. Quiros argued the Skyhigh defendants' claims against him arose solely

8

from ORR's alleged acts in connection with the lease, to which Quiros was not a party. Further, there were no allegations regarding Quiros's individual conduct. Accordingly, he could not be held liable under any of the Skyhigh defendants' causes of action.

ORR, along with Quiros, further argued that all three alleged breaches of the lease failed to state a claim. First, the cross-complaint alleged the lease was breached because ORR did not exist as a California LLC at the time it entered the lease. However, the cross-complaint did not allege that ORR was suspended from operating in California at the time it entered into the lease and, indeed, ORR was not suspended. Second, the indemnity provision alleged by the Skyhigh defendants did not exist in the actual lease. Third, the cross-complaint alleged ORR and Quiros breached the lease by failing to return the security deposit. However, because the lease was not void, there was no obligation to return that deposit.

As to the claim for implied indemnity, ORR and Quiros argued there was no allegation of a third party from whom ORR and Quiros were obligated to protect the Skyhigh defendants. ORR and Quiros argued the cause of action for declaratory relief was inappropriate because it was substantively identical to the question presented by ORR's breach of lease claim.

2. *The Opposition*

In opposing the demurrer, the Skyhigh defendants did not argue that Quiros was liable independent of ORR. Instead, they claimed to have sufficiently pleaded alter-ego, conspiracy, and agency allegations and, thus, that Quiros was not a party to the lease was immaterial.

9

The Skyhigh defendants further argued they pleaded allegations sufficient to set forth ORR and Quiros's indemnification obligations by "legal effect" and did not need to state the exact contractual language. In any event, they pointed to language in the lease that stated, "Landlord shall indemnify, defend and hold [t]enant harmless from any and all costs, claims or liabilities arising from: (a) the conduct of [l]andlord's agents . . . , including any contamination . . . from the presence or use of [h]azardous [m]aterials . . . ; (b) any breach or default in performance of [l]andlord's obligations under this [l]ease; or (c) any misrepresentation or breach of warranty by [l]andlord under this [l]ease." (Underscoring omitted.)

The Skyhigh defendants argued that they sufficiently alleged the essential elements of their declaratory relief and security deposit claims, and further that factual issues relating to the security deposit could not be resolved on demurrer. Finally, the Skyhigh defendants argued that to the extent the court was inclined to sustain the demurrer, it should grant leave to amend. They did not, however, set forth any potential amendments to cure the alleged deficiencies in the cross-complaint.

3.    *Reply*

In reply, ORR and Quiros argued the Skyhigh defendants' claim that a landlord should be made to indemnify a tenant for the tenant's failure to pay rent was not supported by the lease and defied common sense. ORR and Quiros further argued the opposition did not address the other alleged breaches and, thus, conceded the demurrer was well-taken on those points. ORR and Quiros further contended the cause of action for retention of the security deposit could be resolved as a matter of law because Revenue and Taxation Code section 23304.1 did not apply.

10

4.  *The Court's Ruling*

After argument, the court issued a written ruling sustaining the demurrer without leave to amend.  The court stated, "The [c]ross-[c]omplaint . . . rests in large part upon the argument (now allegations) that this court has now rejected in three prior instances[]: that [ORR] is a different entity from that which entered into the lease.  [ORR and Quiros] demur[] to each cause of action . . . on the grounds that [ORR] is the same entity as the contracting party as a matter of law, and further that the claims for indemnity rest upon a provision that [the Skyhigh defendants] do not include in their [c]ross-[c]omplaint, and which does not apply to [ORR's] claims against them."  (Fn. omitted.)

The court explained the relevant allegations: the "[Skyhigh d]efendants allege that [ORR] was formed as a California [company] in January 2011. . . .  A new Delaware [company] by the same name was formed in May 2015, and . . . the California [ORR] was converted into the Delaware [company]. . . .  The operative lease agreement was executed in December 2017, which listed [ORR], 'a California Limited Liability Company,' as the landlord. . . .  [The Skyhigh d]efendants' claims rest upon allegations that the lease is void because the entity with which [they] contracted—[ORR], a California LLC—did not exist, and was suspended pursuant to Revenue [and] Tax[ation] Code [section] 23304.1, when the lease was made."

The court ruled the "[Skyhigh d]efendants' allegations are defective as a matter of law.  Their claims rest upon statutes authorizing the suspension or forfeiture of corporation for the failure to pay taxes or penalties owed to the state, when there is no allegation that any such suspension or forfeiture has ever been imposed upon [ORR] either as a California or Delaware

11

[company]. [Citations.] Far from alleging a suspension or forfeiture, [the Skyhigh d]efendants' own pleading acknowledges that California [ORR]—the party named as the landlord in the lease—was converted into a Delaware [company] of the same name in May 2015, and that at the time of making the lease there was no California entity by the name of [ORR] with which to contract. . . . This is because, by law, the California [company] became the Delaware entity upon its conversion: 'An entity that converts into another entity pursuant to this article is for all purposes . . . the same entity that existed before the conversion and the conversion shall not be deemed a transfer of property.' (Corp. Code[,] § 17710.09, subd. (a).) [The Skyhigh d]efendants' allegations establish that they contracted with [ORR] because there is no other entity with which they could have reasonably believed they were contracting."

As to the indemnification claims, the court stated, the "[Skyhigh d]efendants [did] not include the relevant [indemnification] provision in their pleading[], but cite its full text in their opposition . . . . This provision does not apply[] because [ORR's] claims [a]rise from allegations of [the Skyhigh d]efendants' failure to pay rent, not the acts or omission of [ORR's] agents." Finding the cross-complaint legally insufficient, the court sustained the demurrer without leave to amend.

5. *Notice of Appeal*

On December 13, 2023, the Skyhigh defendants filed a notice of appeal from the November 16, 2023 ruling. On December 15, 2023, the trial court entered a partial judgment dismissing the Skyhigh defendants' cross-complaint against ORR and Quiros. We exercise our discretion to consider the

12

prematurely filed appeal, construing it as being taken from the subsequent judgment.  (Cal. Rules of Court, rule 8.104(d)(2).)

## DISCUSSION

**A.    Appellate Jurisdiction**

    1.    *ORR*

We lack jurisdiction over the Skyhigh defendants' appeal as it pertains to ORR because claims involving ORR are still pending before the trial court and there is no final judgment yet as to ORR.

"A trial court's order is appealable when it is made so by statute."  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)  " 'Judgments that leave nothing to be decided between one or more parties and their adversaries . . . have the finality required by [Code of Civil Procedure] section 904.1, subdivision (a).  A judgment that disposes of *fewer* than all of the causes of action framed by the pleadings, however, is necessarily "interlocutory" . . . and not yet final, as to any parties between whom another cause of action remains pending.' "  (*First Security Bank of Cal. v. Paquet* (2002) 98 Cal.App.4th 468, 473.)  The right of appeal from judgments does not include interlocutory judgments except in particular instances not here pertinent.  (*Knodel v. Knodel* (1975) 14 Cal.3d 752, 760, citing [Code Civ. Proc.,] § 904.1.)  We "lack[] jurisdiction to consider appeals from a nonappealable order, and ha[ve] the duty to dismiss such appeals."  (*In re Javier G.* (2005) 130 Cal.App.4th 1195, 1201.)

The one final judgment rule is "a fundamental principle of appellate practice that prohibits review of intermediate rulings by appeal until final resolution of the case.  'The theory is that piecemeal disposition and multiple appeals in a single action

13

would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.'" (*Griset v. Fair Political Practices Com.*, *supra*, 25 Cal.4th at p. 697.) Pursuant to the one final judgment rule, "[w]here a complaint and cross-complaint involving the same parties have been filed, there is no final, appealable judgment until both have been resolved." (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.* (2004) 122 Cal.App.4th 994, 1002.)

Here, ORR filed suit against the Skyhigh defendants asserting claims that involve the lease and the guaranties, and the claims in ORR's amended complaint are not yet resolved. As there is no final judgment as to ORR, we lack jurisdiction to entertain the Skyhigh defendants' appeal concerning a cross-complaint raising issues about ORR and the very same lease and guarantees. (E.g., *Griset v. Fair Political Practices Com.*, *supra*, 25 Cal.4th at p. 697; *Martis Camp Community Assn. v. County of Placer* (2020) 53 Cal.App.5th 569, 587.)

The Skyhigh defendants argue that the demurrer disposed of all issues as to ORR, the California LLC, which the Skyhigh defendants maintain is a separate entity from the Delaware LLC named in the amended complaint. But the Skyhigh defendants themselves allege (and, thus, do not dispute) that, "On or about May 12, 2015, ORR[ (California)] was converted to ORR[ (Delaware)]."[2] Although the Skyhigh defendants further allege

_____

[2] The California Secretary of State records of which the Skyhigh defendants asked the trial court to take judicial notice demonstrate that in 2015, ORR changed its domicile from California to Delaware, keeping its same name. It later registered to continue doing business in California. Even if one

14

that as a result, ORR (California) did not exist and could not have entered into the lease, these further allegations are legal conclusions that we need not treat as true on a demurrer. (*Dominguez v. Bonta* (2022) 87 Cal.App.5th 389, 398.) The Corporations Code permits a California limited liability company to convert its domicile (*id.*, § 17710.02) and unequivocally states that "[a]n entity that converts into another entity pursuant to [the Corporations Code] *is for all purposes . . . the same entity that existed before the conversion*" (*id.*, § 17710.09, subd. (a), italics added). That legal principle prevails over contrary allegations in a cross-complaint. The Skyhigh defendants' argument that the contracts of a company suspended or forfeited under the Revenue and Taxation Code are voidable is not relevant to whether there are two different ORR entities.[3]

We accordingly dismiss the appeal as to ORR.

---

puts aside the Skyhigh defendants' judicial admissions, "courts will not close their eyes in situations where a complaint contains . . . allegations contrary to facts which are judicially noticed. [Citation.] Where facts appearing in . . . judicially noticed documents contradict, or are inconsistent with, the complaint's allegations, we must rely on the facts in the . . . judicially noticed documents." (*Genis v. Schainbaum* (2021) 66 Cal.App.5th 1007, 1015 [affirming judgment entered after the trial court sustained a demurrer].) The Skyhigh defendants do not argue that any delay by ORR in registering to do business in California after converting to a Delaware entity is relevant to their argument that ORR (California) and ORR (Delaware) are separate entities.

[3] Because we dismiss the appeal as to ORR, we lack jurisdiction to review the trial court's intermediate ruling concerning, as the Skyhigh defendants have titled it, the "Setoff Issues" under Code of Civil Procedure section 906.

15

2.  *Quiros*

Analyzing our appellate jurisdiction as to Quiros requires that we consider him in two capacities: his quasi-corporate capacity as an alter ego, coconspirator, and/or agent of ORR, and his individual capacity.

The cross-complaint named Quiros under alter ego, conspiracy, and agency theories.  In these capacities, Quiros's interests are not distinct from ORR's.  The Skyhigh defendants' claims for breach of lease, express indemnity, and declaratory relief each arise out of the contractual relationship between ORR and the Skyhigh defendants, and Quiros's liability for such claims as an alter ego, coconspirator, or agent of ORR depend entirely on ORR first being found liable.  We lack jurisdiction to review the court's ruling sustaining the demurrer to the cross-complaint as to Quiros based on alter ego, conspiracy, and agency theories for the same reason we lack jurisdiction over ORR, and dismiss the appeal against Quiros to the extent it depends on any of these theories.

The Skyhigh defendants do not argue their cross-complaint seeks to hold Quiros liable in his individual capacity, but they also do not foreclose that possibility.  The allegations that both ORR and Quiros  engaged in certain acts or omissions can be read to suggest that the cross-complaint asserts claims against Quiros in his individual capacity, and at oral argument counsel for the Skyhigh defendants clarified that they do assert Quiros is liable individually, so we also consider our jurisdiction to address such individual claims independent of ORR's liability.

An exception to the one judgment rule arises when the order dismissing the cross-complaint removes the dismissed party from the entire case.  (*Kantor v. Housing Authority* (1992) 8

16

Cal.App.4th 424, 429.) "In multiparty actions, a judgment disposing of all the issues as to one party is appealable even if issues remain as to other parties." (*Martis Camp Community Assn. v. County of Placer*, *supra*, 53 Cal.App.5th at p. 588.) A judgment determining a party's rights in one capacity may be final, and thus separately appealable, even though the action is still pending on a claim brought in a different capacity. (*First Security Bank of Cal. v. Paquet*, *supra*, 98 Cal.App.4th at pp. 474, 475; see Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2024) § 2:92.)

We therefore have jurisdiction over the Skyhigh defendants' appeal as it pertains to any claims against Quiros individually.

## B. The Trial Court Properly Sustained the Demurrer to the Cross-complaint Against Quiros in His Individual Capacity

### 1. *Standard of Review*

A demurrer tests the legal sufficiency of the complaint. (*Consumer Cause, Inc. v. Arkopharma, Inc.* (2003) 106 Cal.App.4th 824, 827.) " ' "We review the ruling sustaining the demurrer de novo, exercising independent judgment as to whether the complaint states a cause of action as a matter of law." [Citation.] " '[W]e give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' " ' " (*Dominguez v. Bonta*, *supra*, 87 Cal.App.5th at p. 398.) " ' "When conducting this independent review, appellate courts 'treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law.' " ' [Citation.] Similarly, we ' "may not consider conclusions of fact . . . , opinions, speculation

17

or allegations which are contrary either to law or to judicially noticed facts[.]" ' [Citation.] We also do not accept as true ' "adjectival descriptions" . . . or "unsupported speculation." ' [Citation.] We may, however, 'consider matters subject to judicial notice . . . .' " (*Ibid.*, fn. omitted.) " 'On appeal, [the] plaintiff bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law.' " (*Consumer Cause, Inc., supra*, at p. 827.) "We will affirm the judgment if proper on any grounds stated in the demurrer, whether or not the trial court acted on that ground." (*Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 754.)

When a demurrer is "sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) "[I]f it can be, the trial court has abused its discretion and we reverse." (*Ibid.*) However, "[t]he onus is on the *plaintiff* to articulate the 'specifi[c] ways' to cure the identified defect, and absent such an articulation, a trial or appellate court may grant leave to amend 'only if a potentially effective amendment [is] both apparent and consistent with the plaintiff's theory of the case.' " (*Shaeffer v. Califia Farms, LLC* (2020) 44 Cal.App.5th 1125, 1145.)

2.     *Analysis*

The cross-complaint alleges five causes of action against Quiros individually: breach of lease, express indemnity, implied indemnity, declaratory relief, and "bad faith" retention of security deposit. As we explain next, each one is infirm.

18

### a. Breach of Lease, Express Indemnity, and Declaratory Relief

"Under California law, only a signatory to a contract may be liable for any breach. [Citations.]" (*Clemens v. American Warranty Corp.* (1987) 193 Cal.App.3d 444, 452; see *Tri-Continent Internat. Corp. v. Paris Savings & Loan Assn.* (1993) 12 Cal.App.4th 1354, 1359 [explaining that the plaintiff could not "assert a claim for breach of contract against one who is not a party to the contract"].) Further, "[d]irectors and officers are not personally liable on contracts signed by them for and on behalf of the corporation unless they purport to bind themselves individually." (*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 595.)

The Skyhigh defendants' causes of action for breach of lease, express indemnity,[4] and declaratory relief arise entirely out of the lease. Although Quiros signed the lease on behalf of ORR, the Skyhigh defendants do not allege, and the lease does not show, that Quiros executed the lease in an individual capacity or that he was otherwise a party to the lease. Accordingly, the trial court properly sustained the demurrer to the first, second, and fourth causes of action against Quiros individually for breach of contract, express indemnity, and declaratory relief.

---

[4] Although the cross-complaint did not allege where the alleged express indemnity existed, in opposition to the demurrer and on appeal the Skyhigh defendants clarify that it is a provision in the lease requiring the "[l]andlord" to indemnify the "[t]enant."

19

b.	Bad Faith Retention of Security Deposit

The cross-complaint alleges Quiros had an obligation to return the security deposit under Civil Code section 1950.7 because the lease "was void by operation of law."  As just explained, Quiros was not a party to the lease.  The debts, obligations, or other liabilities of an LLC do not become those of the manager "solely by reason of the . . . manager acting as a manager."  (Corp. Code, § 17703.04, subd. (a)(2).)

c.	Implied Indemnity

"The right to implied indemnity may arise from contract or from equitable considerations."  (*Standard Oil Co. v. Oil, Chemical etc. Internat. Union* (1972) 23 Cal.App.3d 585, 588.)  "Equitable indemnity is an equitable doctrine that apportions responsibility among tortfeasors responsible for the same indivisible injury on a comparative fault basis.  [Citation.]  . . .  A right of equitable indemnity can arise only if the prospective indemnitor and indemnitee are mutually liable to another person for the same injury."  (*Fremont Reorganizing Corp. v. Faigin* (2011) 198 Cal.App.4th 1153, 1176-1177.)  Implied contractual indemnity is considered a form of equitable indemnity and is subject to the rules governing equitable indemnity claims.  (*Prince v. Pacific Gas & Electric Co.* (2009) 45 Cal.4th 1151, 1157, 1165.)  A party's liability under both implied contractual indemnity and equitable indemnity "is based on its proportional share of responsibility for the damages to the injured party."  (*Id.* at p. 1165, italics omitted; *Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559, 573.)

Here, the Skyhigh defendants fail to allege any mutual liability of the parties (ORR and Quiros on the one hand, and the Skyhigh defendants on the other) to any third party.  Instead, the

20

cross-complaint asserts that Quiros (and ORR) should indemnify the Skyhigh defendants for the Skyhigh defendants' failure to pay rent because the failure to pay rent is ORR and Quiros's fault. That is not an affirmative implied indemnity claim—that is a "we are not liable for breach of contract" defense. Further, none of the allegations in the cross-complaint describe or suggest any wrongdoing by Quiros that could give rise to a finding of fault against him in his individual capacity. In essence, the only "fault" that the allegations appear to ascribe to Quiros is that he, as managing member of ORR, is supporting ORR's litigation efforts against the Skyhigh defendants for unpaid rent. To require Quiros to behave otherwise would be inequitable as it is contrary to his duty of loyalty to the company (e.g., Corp. Code, § 17704.09, subds. (b)(2), (f)(1)).

## DISPOSITION

The appeal is dismissed as to ORR and Quiros in his alleged capacity pursuant to alter ego, conspiracy, and agency theories. The judgment is otherwise affirmed. ORR and Quiros are awarded their costs on appeal.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.          BENDIX, J.

21